28777, 28778. O'NEIL et al. v. WILLIAMS; and vice versa.

Ingram, Justice.

These two appeals come from the same case in the Superior Court of Jones County and arise from rulings made by the trial court in an action seeking injunctive relief and damages as a result of an execution issued to collect unpaid alimony instalments of child support due under a prior divorce decree between the parties.

I.

Main Appeal.

In the primary appeal, the error asserted is the trial

court's grant of summary judgment to the appellee-husband adjudging that a $1,000 execution for child support alimony in favor of the appellant-wife was dormant and unenforceable and also adjudging that appellant is estopped from seeking recovery of child support from the appellee-husband for any period prior to January 26, 1965. Appellant also contends the trial court erred in striking, on motion of the appellee, certain portions of the appellant's defensive pleadings filed in response to the appellee's complaint. The trial court's orders were certified for review.

This is what happened in the case: On or about May 1, 1973, the wife caused the Clerk of Dougherty Superior Court to issue an execution against the husband for unpaid child support payments in the principal amount of $11,560, with interest in the sum of $7,568.40, plus court costs of $2.00, and prior to September 14, 1973, the wife had the execution levied by the Sheriff of Jones County upon certain real estate in Jones County in which the husband owned an undivided one-third interest. The execution was based upon a divorce decree entered April 16, 1958, in the Superior Court of Dougherty County in which the wife was awarded alimony for the support of two minor children totaling $80 per month, payable $40 on the first of the month and $40 on the fifteenth of each month, beginning April 1, 1958, and payable "until both of (the) minor children... reached majority, become self-sustaining or marry."

Following the levy of this execution by the Sheriff of Jones County for a public sale to take place on October 7, 1973 in Jones County, the husband filed an equitable action against the wife and the Sheriff of Jones County in the Superior Court of Jones County contesting the validity of the execution and seeking temporary and permanent injunctive relief against the sale of the property to satisfy the execution issued to the wife. The husband subsequently amended his original complaint and alleged that the wife had obtained an earlier execution on February 2, 1965, based on the same divorce decree in the principal amount of $1,000, plus costs, which the wife caused to be recorded on the General Execution Docket of Jones Superior Court on March 31,

1965. The husband's amendment also alleged that the levy of the second execution for the greater amount had been done by the wife in bad faith to intimidate and illegally force the husband to pay her monies she was not entitled to receive so that he could close a sale of his property, which she knew the husband had contracted to do, and that the execution levy prevented this sale by the husband and damaged him in the amount of $5,000. The husband sought by the amended complaint to recover from the wife these alleged damages and attorney fees for her alleged bad faith in addition to the equitable relief sought in the original complaint.

The wife filed her response to the husband's amended complaint averring, inter alia, that the Superior Court of Jones County was not the proper forum for disposition of the husband's claim for damages. The husband subsequently filed a motion for a partial summary judgment on the ground that the wife's execution dated February 2, 1965, in the principal amount of $1,000 was dormant and unenforceable and that, because of statements she made in her sworn application for this execution, the wife was estopped to seek recovery of any alleged past due child support payments accruing prior to January 26, 1965. The husband also filed a motion to strike a part of the wife's response to the amended complaint in which she sought to explain and rebut any admission she may have made in her application on January 26, 1965 for the execution in the principal amount of $1,000. In addition, the husband sought to strike the wife's defense to his claim for damages, which defense asserted that the claim for damages was filed in the wrong forum. The trial judge granted the husband's motion for partial summary judgment and the motion to strike both the "improper venue" and the "admission rebuttal" defenses of the wife. These three rulings are the subject of the main appeal in this case.

The correctness of the trial court's order is controlled in part by the decision of this court today in *Bryant v. Bryant,* 232 Ga. 160. In that case, we determined that a decree for alimony payable in instalments is a judgment within the provisions of Code

Ann. § 110-1001 and related sections. With respect to instalment payment alimony judgments, instalments that became due within seven years preceding the issuance of the execution are collectible and enforceable. Instalments which became due during the 3-year period immediately preceding the 7-year period prior to issuance of the execution are dormant but are subject to being revived through the applicable statutory revival procedure.

This means that all instalments of alimony for past due child support accruing during the 7-year period preceding the issuance of the execution on or about May 1, 1973, are valid and enforceable. In addition, those instalments accruing during the 3-year period immediately preceding the 7-year period are dormant but are subject to revival unless the wife is otherwise estopped to make claim for such payments in excess of $1,000.

We believe the trial court erroneously concluded that, under the doctrine of admissions in judicio, the wife is now estopped from contending that any more than $1,000 in recoverable unpaid alimony instalments for child support was due and payable for the period prior to January 26, 1965. We reach this determination despite the fact that both executions are executions based on the same 1958 decree, involve the same parties and seek to enforce the same monetary obligation.

This court has consistently held that after a divorce decree obligating the father to support the child, the mother cannot waive or contract away the right of the child to that support. See *Glaze v. Strength,* 186 Ga. 613 (198 SE 721); *Varble v. Hughes,* 205 Ga. 29, 32 (52 SE2d 303); *Corriher v. McElroy,* 209 Ga. 885 (1) (76 SE2d 782); *Stewart v. Stewart,* 217 Ga. 509 (5) (123 SE2d 547). Based on the rationale of these holdings, we conclude that the wife in this case is not estopped as a matter of law to rebut the presumption arising from her 1965 affidavit that $1,000 was the total sum owed by the husband for past due child support as of that date. The trial court correctly granted the husband's motion for a partial summary judgment but incorrectly granted the motion to strike the wife's defense which asserted that she was not bound as

a matter of law by her sworn application in 1965 for an execution.

This leaves for decision in the main appeal whether the trial court erred in ruling that the husband's claim for damages could be heard and determined in Jones Superior Court. The appellant-wife concedes that the proper venue for the injunctive relief sought by the husband is in Jones Superior Court but argues that, since both parties are now nonresidents of Georgia, it is not the proper forum for deciding the husband's claim for damages. The damages claim is predicated on the husband's alleged loss of a sale of his property interest due to the wife's asserted bad faith in causing a wrongful levy to be made on the property. We hold that this claim can be properly heard and determined in Jones Superior Court in connection with the claim for injunctive relief. See Code Ann. § 81A-118 (a). No opinion is expressed as to the merits of the claim or the items of damages sought by the appellee-husband as these questions are not in issue or addressed in this appeal. We decide only that in this case Jones Superior Court is the proper forum for determination of the merits of the husband's claim for damages.

## II.
## Cross Appeal.

In the cross appeal, the husband complains of the trial court's refusal to strike another portion of the wife's defensive pleadings in which she avers "that the failure of the (husband) to live up to his obligation *to his children* as set out in said divorce decree and the failure of (the husband) to comply with said decree have prevented the sale of said property." (Emphasis supplied.) The portion of the wife's defense italicized above is attacked by the husband's motion to strike as being illegal and prejudicial. The husband argues that his obligation under the divorce decree was to his wife and not "to his children." We disagree with this contention by the husband as it is obvious from the decree itself that the payments provided for therein were for the support of the minor children. The decree merely fixed the amount payable by the husband in discharge of his statutory obligation to maintain and support his minor children.

Code Ann. § 74-105. "When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. She cannot consent to a reduction or remission of the alimony, and ordinarily her conduct cannot relieve the father of paying the same as directed by the court." *Stewart v. Stewart,* 217 Ga. 509, supra, Hdn. (5).

*Judgment in Main Appeal (Case No. 28777) affirmed in part; reversed in part. Cross Appeal (Case No. 28778) affirmed. All the Justices concur.*

SUBMITTED APRIL 8, 1974 — DECIDED APRIL 23, 1974.

*Sell, Comer & Popper, Claude W. Hicks, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellee.