### 31483. CITY FINANCE COMPANY v. WINSTON et al.

JORDAN, Justice.

This appeal is from the dismissal of a garnishment proceeding on the ground that the 1976 post-judgment garnishment law (Ga. L. 1976, p. 1608 et seq.) is unconstitutional.

City Finance Company, by its attorney, made an affidavit before the Chief Deputy Clerk of the Civil Court of Fulton County that Josephus Winston owed $24.05 balance on a described judgment. The garnishee, Hansell, Post, Brandon & Dorsey, filed a motion to dismiss the summons of garnishment served on it on the ground that the 1976 post-judgment garnishment law offends the due process clauses of the State and Federal Constitutions for a number of stated reasons. The motion to dismiss was sustained and the garnishment proceeding dismissed.

In *North Ga. Finishing, Inc. v. Di-Chem, Inc.,* 231 Ga. 260 (201 SE2d 321) (1973), a pre-judgment garnishment case, we held Georgia's garnishment statutes as they existed prior to the 1975 amendment, to be constitutional. The United States Supreme Court, in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (1975), reversed this holding.

In *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428) (1976), this court considered the constitutionality of Georgia's post-judgment garnishment law (prior to the 1975 amendment) in the light of the decision in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601, supra. The majority of this court determined that the decision of the United States Supreme Court "invalidated Georgia's procedure in both pre-judgment and post-judgment cases." Two deficiencies were specifically

pointed out pertaining to the post-judgment procedure, the lack of "initial judicial supervision," and the failure to provide for "notice and an opportunity for an early preliminary hearing after the deprivation" of property.

As pointed out in *Coursin v. Harper*, supra, the 1975 amendment (Ga. L. 1975, pp. 1291-1297) to the garnishment laws supplied the deficiencies of the former law. In 1976, prior to the date of the *Coursin* decision, the General Assembly completely revised the garnishment laws of Georgia. Ga. L. 1976, pp. 1608-1629. The 1976 law made provisions in regard to the institution of post-judgment garnishment proceedings entirely different from those applicable to pre-judgment garnishment. Code Ann. §§ 46-102 and 46-103 permit a plaintiff who has obtained a money judgment in a court of this state, or his attorney or agent, to institute garnishment proceedings by making an affidavit before any officer authorized to administer oaths, describing his judgment and the amount claimed to be due thereon. Service of summons of garnishment must be made on the garnishee, but no notice is required to the judgment defendant. Code Ann. Ch. 46-4 provides the procedure by which a defendant or claimant may intervene in a garnishment proceeding, but it is expressly provided in Code Ann. § 46-401 that a garnishment proceeding "is an action between the plaintiff and garnishee," and there is no provision for notice to the judgment defendant in this chapter.

Thus it can be seen that the post-judgment garnishment procedure as set forth in the 1976 Act (Code Ann. §§ 46-102 and 46-103) fails to meet the requirements of judicial supervision and notice, and is therefore constitutionally inadequate. In view of this ruling, it is unnecessary to determine whether other attacks on the 1976 Act have merit. In ruling on the constitutionality of the post-judgment procedure in the 1976 Act, we do not pass on the pre-judgment procedure or any other aspect of the 1976 law. See the severability clause, Ga. L. 1976, p. 1629.

The present decision is not intended to nullify or modify the recent ruling of this court in *Collins v. Williams*, 237 Ga. 576 (1976), that a party will not be

allowed to make a constitutional attack on a statute on the ground that it does not provide notice and a hearing, where the party has received notice and has been accorded a hearing and is thus not injured by the statutory deficiency as to notice and hearing. The garnishee in the present case was not injured by the absence of notice to the defendant, but had standing to make a constitutional attack on the garnishment proceeding because the 1976 statute did not require, and there was not in the case, an initial judicial supervision of the proceeding. Since the garnishee had standing to attack the statute, we have dealt with the notice issue also, in the public interest.

*Judgment affirmed. All the Justices concur, except Ingram and Hall, JJ., who dissent.*

ARGUED SEPTEMBER 21, 1976 — DECIDED OCTOBER 19, 1976 — REHEARING DENIED NOVEMBER 2 AND NOVEMBER 24, 1976.

*Levy, Buffington & Adams, M. Alvin Levy, D. Merrill Adams,* for appellant.

*Hansell, Post, Brandon & Dorsey, Bates Block,* for appellees.

*Gambrell, Russell, Killorin & Forbes, Edward W. Killorin, Sewell K. Loggins, Michael V. Elsberry, Eugene Cline, Marion W. Cornett, Jr., Daniel N. Parker, William D. Hargrove, Kenneth G. Levin, Richard T. de Mayo, Curtis M. Cook, Schwall & Heuett, Lee S. Alexander, Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* amici curiae.

INGRAM, Justice, dissenting.

After further study and reflection, I am not persuaded that all post-judgment garnishments under the Georgia statute are unconstitutional. It is sufficient here to say that, at least, the decisions of the U. S. Supreme Court leave the matter in doubt. The U. S. Court of Appeals for the 5th Circuit recently had occasion to consider a post-judgment garnishment of wages in Florida and upheld it. The rationale of that decision is helpful in the present case.

"Unlike the prejudgment creditor, the creditor here

has a judicially-awarded judgment evidencing the debtor's debt. Thus, its interest is not the freezing of debtor assets pending adjudication of alleged debt, but is rather the enforcement of the judgment against those assets. This factor sharply distinguishes prejudgment from post-judgment garnishment cases, and, as a result, the holding in Sniadach does not directly apply here." Brown v. Liberty Loan Corp. of Duval, 45 LW 2214, U. S. Court of Appeals (5th Cir., Oct. 6, 1976).

The only real troublesome question that I continue to see is the matter of post-judgment garnishment when used to collect periodic alimony payments alleged to be in arrears where an execution for the garnishment is obtained ex parte. These are different from most post-judgment garnishment cases and perhaps require additional safeguards to the alleged debtor such as an opportunity to be heard on the correctness of the sums alleged to be in arrears. See my concurrence in *Coursin v. Harper,* 236 Ga. 854 (1976).

The present case is an ordinary post-judgment garnishment case and I am not convinced that federal decisions mandate the invalidity of the statute under which it was issued. I, therefore, dissent to the judgment in this case.

HALL, Justice, dissenting.

I do not find this statute unconstitutional for either of the reasons for which the majority opinion invalidates it. Accordingly, I dissent for the reasons stated in my dissenting opinion in *Coursin v. Harper,* 236 Ga. 729, 734 (225 SE2d 428) (1976). The United States Court of Appeals for the Fifth Circuit very recently upheld the constitutionality of Florida's post-judgment garnishment statute on the same principles enunciated in my *Coursin* dissent. Brown v. Liberty Loan Corp. of Duval, 539 F2d 1355, 1362-1369 (5th Cir. 1976). In fact, this court is the only appellate tribunal in the country that equates pre-judgment and post-judgment due process requirements. All other courts that have addressed the issue have without exception held that the requirements of the due process clause are significantly different once a judgment has been entered.

Clearly the due process rights of a defendant are protected in Georgia's post-judgment procedure by the defendant's right to a speedy post-garnishment hearing and by the fact that a judgment has already been entered against the defendant. Judicial supervision of the issuance of a summons of post-judgment garnishment would serve no purpose and would be disruptive of the trial judge's daily schedule which is already over-burdened by routine procedures. They do not need any additional make-work duties.

The majority opinion in *Coursin* endured some very heavy seas during this appeal. The first holding here which followed *Coursin* came down on October 19, 1976. Amicus briefs appeared on motion for rehearing attacking the decision. The majority opinion in this appeal was then altered so that while it struck down the 1976 garnishment statute, it revived the 1975 garnishment statute. More motions were filed. On November 24th the court struck that part of the opinion reviving the 1975 statute. In the meantime, one of the strongest defenders of the *Coursin* opinion (see 236 Ga. 874), now dissents and the majority view has one fewer vote. Nevertheless, *Coursin* sails on into even rougher seas ahead with its constitutional buoyancy dependent solely upon the determined bailing of the five Justices of this court who continue to equate pre-judgment and post-judgment due process requirements.