32045, 32046. J. SCOTT RENTALS, INC. et al. v. BRYANT (two cases).

BOWLES, Justice.

We granted certiorari in this case to review the question of whether or not the Court of Appeals was correct in ruling that all garnishment proceedings initiated and completed in the trial court during the period from July 1, 1975 to April 7, 1976, must be held invalid in light of legislative and appellate court activity subsequent to that period. See *J. Scott Rentals, Inc. v. Bryant,* 140 Ga. App. 770 (232 SE2d 123) (1976).

On September 2, 1975, J. Scott Rentals, Inc. obtained a judgment against Elam Rigging & Erection, Inc. in the Civil Court of Fulton County. In an attempt to satisfy that judgment J. Scott Rentals, in keeping with the legislative Act effective July 1, 1975, filed, on October 22, 1975, an affidavit and bond for garnishment in the Civil Court of

Fulton County, their complaint listing Elam Rigging & Erection, Inc. as defendant and Ragnar Benson, Inc. as garnishee. The garnishee was served on October 24, 1975, and because the defendant had gone out of business, the Secretary of State was served in lieu thereof. On December 8, 1975, Ragnar Benson, Inc. filed its answer and paid into court the amount it had owed Elam Rigging & Erection, Inc. No attack on the constitutionality of the July 1, 1975 Act was made by any party.

It is claimed, however, that Elam Rigging & Erection had sold all of its accounts receivable to a Mr. Bryant, prior to the garnishment proceedings. On January 12, 1976, Mr. Bryant filed a third-party claim seeking the funds paid into court, asserting that, because of Elam Rigging & Erection's sale to him of its accounts receivable, J. Scott Rentals was not entitled to the funds owed Elam Rigging by Ragnar Benson. His argument, in effect, was that these funds could not be garnished because they were owed to him and not Elam Rigging.

The case was tried on February 2, 1976, and on February 11, 1976, the trial court entered an order granting these funds to J. Scott Rentals, Inc., the garnishor. On March 9, 1976, Mr. Bryant filed a notice of appeal, with J. Scott Rentals filing a cross appeal. The Court of Appeals, in a brief opinion, reversed the trial court on the main appeal and dismissed the cross appeal. They said that because of this court's opinion in *City Finance Co. v. Winston,* 238 Ga. 10 (231 SE2d 45), holding unconstitutional the 1976 post-garnishment statute, enacted on April 7, 1976, all cases pending *on appeal* after that date were void and of no effect. This, in effect, declared that all garnishment proceedings initiated and completed in the trial court during the period from July 1, 1975 to April 7, 1976, would be invalid. We do not agree with this conclusion.

This court, in *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428), ruled that Georgia's procedure for post-judgment garnishment, as it existed prior to July 1, 1975, was unconstitutional in that it failed to provide a judgment debtor due process of law. On July 1, 1975, the old law was amended by Ga. L. 1975, p. 1291 et seq., which amendment provided for judicial supervision over the

issuance of process, a new procedure of service and provisions for post-seizure hearing for dissolution. Although the constitutionality of this amendment was never challenged, the dicta in *Coursin,* supra, implied that these new provisions cured the constitutional defects which existed in the prior law.

Effective April 7, 1976, the Georgia legislature passed a new post-judgment garnishment law setting forth an entirely new procedure to be followed in post-judgment garnishment actions. This new law expressly repealed all existing law relating to post-judgment garnishment, and was stated to apply to all cases then pending on the date of its adoption. Ga. L. 1976, pp. 1608, 1629, § 3. Nothing in the statute could be construed to show the intent of the legislature to give the statute retroactive effect.

Considering the legislative and judicial activity during this period, we conclude there existed a span of approximately nine months in which a valid post-judgment garnishment law was in effect in Georgia. It was during this span of months that J. Scott Rentals filed its petition for garnishment and the trial court issued a final order. This judgment gave J. Scott Rentals a vested right to the funds paid into court by the garnishee, subject to their being divested by an adverse judgment on appeal. "A repealing Act will not be given retroactive operation so as to divest previously acquired rights." *Bank of Norman Park v. Colquitt County,* 169 Ga. 534 (3) (150 SE 841) (1929). A statute is never to be given a retroactive operation unless such construction is absolutely demanded. *Whittle v. Jones,* 198 Ga. 538 (3) (32 SE2d 94) (1944).

We reverse the judgment of the Court of Appeals which held that cases pending on appeal on April 7, 1976, would be affected by the new post-judgment garnishment law enacted on that date, so as to void any garnishment judgment obtained under a valid post-judgment garnishment procedure prior to that time, even though on appeal. To hold otherwise would be to give the April 7, 1976 statute retroactive application in derogation of earlier decisions of this court.

*Judgment reversed. All the Justices concur, except*

*Hall, J., who concurs specially.*

ARGUED MAY 9, 1977 — DECIDED SEPTEMBER 8, 1977.

*Albert A. Roberts, Robert P. Midtlyng,* for appellants.

*Michael N. Mantegna,* for appellee.

HALL, Justice, concurring specially.

I concur in the judgment only, for the reasons stated in my dissenting opinions in *City Finance Co. v. Winston,* 238 Ga. 10, 13 (231 SE2d 45) (1976) and *Coursin v. Harper,* 236 Ga. 729, 734 (225 SE2d 428) (1976).

I note that the United States Supreme Court has recently denied certiorari in the Fifth Circuit decision which upheld the constitutionality of Florida's post-judgment garnishment statute on the same principles which I stated in my *Coursin* dissent. Brown v. Liberty Loan Corp. of Duval, 539 F2d 1355, 1362-1369 (5th Cir. 1976), cert. den. 430 U. S. 949 (51 LE2d 797) (1977).