## 32824. EASTERWOOD v. LeBLANC.

BOWLES, Justice.

This is an appeal from an order of the State Court of DeKalb County denying appellant's motion to dismiss a summons of garnishment approved by a judge of the State Court of DeKalb County and issued by the clerk of that court. The sole issue raised on appeal is the constitutionality of the post-judgment garnishment law (Ga. L. 1976, p. 1608 et seq.) and 1977 amendments thereto (Ga. L. 1977, p. 159 et seq.).

The legal saga concerning the constitutionality of our garnishment statute began with the United States Supreme Court's decision in North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U. S. 601 (1975), which struck down Georgia's statutory scheme for pre-judgment garnishment as it existed prior to the 1975 amendment. Ga. L. 1975, pp. 1291-1297.

The constitutionality of Georgia's post-judgment garnishment law as it existed prior to the 1975 amendment was decided by this court in Coursin v. Harper, 236 Ga. 729 (225 SE2d 428) (1976). In that case, the majority of this court determined that the decision of the United States Supreme Court in North Georgia Finishing, Inc., supra, "invalidated Georgia's procedure in both pre-judgment and post-judgment cases." Two deficiencies were specifically pointed out pertaining to the post-judgment procedure, the lack of "initial judicial supervision," and the failure to provide for "notice and an opportunity for an early preliminary hearing after the deprivation" of property.

In 1976, the General Assembly completely revised the garnishment laws of Georgia. Ga. L. 1976, pp. 1608-1629. Shortly thereafter, in City Finance Co. v. Winston, 238 Ga. 10 (231 SE2d 45) (1976), this court held that "the post-judgment garnishment procedure as set forth in the 1976 Act (Code Ann. §§ 46-104 and 46-103) fails to meet the requirements of judicial supervision and notice, and is therefore constitutionally inadequate."

Following this decision, the legislature again amended the garnishment laws (Ga. L. 1977, pp. 159-166), in order that they might pass constitutional

muster. The 1977 amendment struck in its entirety Code Ann. § 46-102 and inserted in lieu thereof a new Code section which provides for extensive judicial supervision. This section permits a plaintiff who has obtained a money judgment in a court of this state, or his attorney or agent to institute garnishment proceedings by filing an affidavit with the clerk of any court having jurisdiction over the garnishee. The amended section differs radically from the previous section in that the affidavit must first be *made and be approved* as containing the information required in one of the following ways: (1) by a judge of the court in which the garnishment proceeding is filed; (2) by a judge of the court that rendered the judgment upon which the garnishment is based; (3) by a judge of any court of record; (4) by an officer authorized to administer oaths, including a notary public, provided that such affidavit is then submitted by mail or in person to any judge of a court specified in (1), (2), or (3) and approved by him; or (5) by the clerk of the court in which the garnishment is filed if the judge or judges of such court promulgate rules supervising the initiation of the garnishment proceedings and the affidavit is made and approved pursuant to such rules.

Title 46 was further amended by adding a new code section, Code Ann. § 46-105, which requires the plaintiff to give notice to the judgment defendant in one of several ways, following the filing of the summons of garnishment. The new notice provision is extensive, and provides adequate notice to the judgment defendant that a garnishment proceeding has been filed.

The imperfections noted in *Winston,* supra, have been cured by the 1977 amendments. We, therefore, conclude that our post-judgment garnishment procedure meets the requirements of judicial supervision and notice, and is not unconstitutional for those reasons.

*Judgment affirmed. All the Justices concur, except Hall and Marshall, JJ., who concur specially.*

SUBMITTED SEPTEMBER 30, 1977 — DECIDED OCTOBER 25, 1977.

*McAllister & Roberts, J. Dunham McAllister,* for

appellant.

*Richard G. Pechin,* for appellee.

HALL, Justice, concurring specially.

I concur in the judgment for the reasons stated in my dissents in *Coursin v. Harper,* 236 Ga. 729, 732 (225 SE2d 428) (1976), and *City Finance Co. v. Winston,* 238 Ga. 10, 13 (231 SE2d 45) (1976), and my concurring opinion in *Scott Rentals, Inc. v. Bryant,* 239 Ga. 585, 588 (1977). It is my position that Georgia's post-judgment garnishment procedures were constitutional even before the 1975 amendment to the statute.

I am authorized to state that Justice Marshall joins in this special concurrence.