54602. COURSIN v. HARPER et al.

DEEN, Presiding Judge.

This appeal by Mrs. Coursin was transferred to this court from the Supreme Court and marks the second appearance of these parties before the appellate courts in practically identical fact situations. See *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428).

In the case sub judice, an affidavit of garnishment was made out before a Muscogee County Superior Court judge on February 4, 1977, by appellant's attorney in which he said that "to the best of his knowledge and belief says that Everett Lynn Harper, Jr. is indebted to her, Stephanie Harper Coursin, in the sum of $19,757.15. . ., deponent further swears that the said Defendant resides without the limits of the State." Mrs. Coursin executed a bond with security in the presence of the judge and a writ of attachment was then issued. A summons of garnishment was issued containing the same language as found in *Coursin,* supra, p. 730, and was served on the United States of America as garnishee on February 8, 1977.

On February 4, 1977, the clerk of the superior court

issued an order permitting service by publication on defendant who resides in South Carolina. On February 10, 1977, appellant's attorney filed a certificate of notice stating that he had notified defendant of the filing of the affidavit of garnishment by mailing a copy of the summons of garnishment to his last known address via certified mail, return receipt requested, within three days of the issuance of the summons.

On March 7, 1977, defendant filed a motion to dismiss. After a hearing on the motion, the trial court entered an order on May 23, 1977, dismissing appellant's proceedings on garnishment in attachment because she did not comply with the provisions of Code Ann. Ch. 46, and therefore violated defendant's due process rights under the United States and Georgia Constitutions.

We agree with the trial court. Code Ann. § 8-101 provides that an attachment may issue when a debtor resides out of the state. Code Ann. § 8-204 permits an attachment to be levied upon the real and personal property of a defendant. Under Code Ann. § 8-205, "service of the attachment by serving process of garnishment shall be as effectual for all purposes as though the attachment had been served by levying the same upon the property of the defendant." Code Ann. § 8-501 provides the procedures for garnishment in attachment. Recent decisions of the Georgia Supreme Court indicate, however, that a garnishment in attachment must comply with a defendant's due process rights under a valid garnishment statute. *Coursin v. Harper,* supra. Georgia's new garnishment procedures provide for judicial supervision over the issuance of a process of garnishment. Ga. L. 1977, p. 159 et seq., effective January 27, 1977 (Code Ann. § 46-101 et seq.) Section 46-102 requires that an affidavit must be made out before a judge (or the clerk of the court if the court has promulgated rules supervising the initiation of garnishment proceedings), and it must set out ". . . that the plaintiff has a judgment against a named defendant, the amount claimed to be due on such judgment, the name of the court which rendered such judgment, and the case number thereof."

The appellant has not followed the codal procedures

and therefore the summons of garnishment and notice given to the defendant is invalid. The trial court was correct in granting defendant's motion to dismiss.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED NOVEMBER 1, 1977 — REHEARING DENIED NOVEMBER 16, 1977 —

*Araguel, Sanders & Carter, Jerry D. Sanders,* for appellant.

*Keil & Davis, E. Wright Davis, Jr.,* for appellees.

ON MOTION FOR REHEARING.

In his motion for rehearing, appellant complains that in the second paragraph of its opinion this court erroneously referred to the affidavit filed by appellant as an "affidavit in garnishment" instead of an "affidavit in attachment." We would like to point out "[T]here is no magic in nomenclature, even in describing a pleading," *Girtman v. Girtman,* 191 Ga. 173, 180 (11 SE2d 728), especially when appellant refers to the affidavit as an "affidavit of garnishment" in his certificate of notice to defendant.

He further contends that garnishment in attachment is solely controlled by Code Ann. § 8-101 et seq. We would refer appellant again to Code Ann. § 18-205 and *Coursin v. Harper,* 236 Ga. 729 (225 SE2d 428), in which the Supreme Court ruled that proceedings under this Code section must comply with the garnishment law. Note *Easterwood v. LeBlanc,* 240 Ga. 61.

*Motion for rehearing denied.*