33404. ANTICO v. ANTICO et al.

HILL, Justice.

This appeal arises out of a garnishment proceeding in the State Court of Fulton County brought by the former wife on September 8, 1977, to collect under a temporary alimony order and a final divorce and alimony judgment entered in her favor by the Superior Court of Cobb County. In compliance with Code Ann. § 30-204, the wife (appellee) filed an affidavit for fi. fa. in the Superior Court of Cobb County on September 7, 1977, and based on that affidavit, a fi. fa. issued from the Cobb Superior Court. Her attorney then filed an affidavit of garnishment in the State Court of Fulton County on September 8, 1977. In instituting the garnishment the former wife complied with the statutory requirements relating to post-judgment garnishments. Code Ann. Ch. 46-1 (as amended, Ga. L. 1977, p. 159).

1. The former husband (appellant) attacks the constitutionality of the garnishment generally, contending that because this garnishment was based upon alimony orders which contemplated installment payments, it is unconstitutional under Sniadach v. Family Finance Corp., 395 U. S. 337 (89 SC 1820, 23 LE2d 349)(1969), and thus garnishment actions to collect installment alimony payments fixed by court order or

judgment should be treated as pre-judgment garnishments under Code Ann. Ch. 46-2. See the concurring opinion in *Coursin v. Harper,* 236 Ga. 729, 854 (225 SE2d 428)(1976); but see. the dissenting opinion in *City Finance Co. v. Winston,* 238 Ga. 10, 12 (231 SE2d 45)(1976). The issue raised on appeal is whether garnishment of wages to satisfy alimony orders and judgments by use of our post-judgment procedures meets the general requirements of due process, not whether such garnishment should be classified under the statute as pre-judgment garnishment rather than post-judgment. Moreover, Georgia's post-judgment garnishment law as amended in 1977, supra, satisfies many of the due process requirements applicable to pre-judgment garnishments. See *Coursin v. Harper,* supra.

In accordance with the Georgia statutes, the husband was accorded procedural due process by the fact that the affidavit for garnishment was approved by a judge before the summons of garnishment issued (Code Ann. § 46-102), and by the fact that he received timely notice of the garnishment (Code Ann. § 46-105), as well as an early hearing on his traverse (Code Ann. § 46-401). See *Coursin v. Harper,* supra, 236 Ga. at 731.

2. The husband also contends that his wife waived her right to collect arrearages in child support due under the temporary alimony order by executing the separation agreement made part of the divorce decree which contained a release and discharge of all claims by each party against the other. Since the disputed amounts were for child support, the wife had no power to waive the child's rights to these sums. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859) (1972); *O'Neil v. Williams,* 232 Ga. 170, 173 (205 SE2d 226) (1974).

3. Finally, the husband argues that the trial court erred in the determination of the actual amount unpaid. There is evidence to support the trial court's findings.

*Judgment affirmed. All the Justices concur, except Hall and Marshall, JJ., who concur specially.*

ARGUED MARCH 15, 1978 — DECIDED APRIL 4, 1978 — REHEARING DENIED MAY 2, 1978.

*Joseph H. King, Jr.,* for appellant.
*John C. Tyler,* for appellees.

HALL, Justice , concurring specially.

I concur in the judgment for the reasons stated in my dissents in *Coursin v. Harper,* 236 Ga. 729, 732 (225 SE2d 428) (1976), and *City Finance Co. v. Winston,* 238 Ga. 10, 13 (231 SE2d 45) (1976), and my concurring opinion in *J. Scott Rentals, Inc v. Bryant,* 239 Ga. 585, 588 (238 SE2d 385) (1977). It is my firm position that Georgia's post-judgment garnishment procedures were constitutional even before the 1975 amendment to the statute. See "Postjudgment Garnishment in Georgia: Acting Largely in the Dark," 12 Georgia Law Review 60 (1977), and "Notice and Judicial Supervision in Post-judgment Garnishment—An Analysis of the Georgia Provisions," 26 Emory Law Journal 597 (1977).