35620. BLACK v. BLACK.

CLARKE, Justice.

Appellee is the holder of a judgment for alimony contained in a divorce decree. The decree resulted from a complaint previously filed by appellee in which there was no prayer for the issuance of a process. Nevertheless, process was issued and service was had. Appellant answered the complaint and contested the lawsuit but did so without raising any objection to the absence of a prayer for the issuance of process.

Appellee subsequently filed a garnishment proceeding and appellant moved to vacate and set aside the final decree of divorce which contained the judgment for alimony and attempted to enjoin appellee from seeking

a summons of garnishment without having first obtained a writ of fieri facias.

The trial court denied the motion to vacate and set aside the judgment and did not enjoin the appellee in her efforts to secure a summons of garnishment. From the ruling of the trial court, the appellant takes his appeal. Although appellant enumerates nine errors, only two issues are raised which must be addressed by this court. First, there is the issue of whether the failure to pray for process renders a subsequent judgment void in spite of the fact that process did issue, answer was made and no objection was made to the absence of the prayer. The second issue is whether a judgment holder must secure a fi. fa. before proceeding to seek a summons of garnishment.

1. It is well established that divorce and alimony cases proceed under the Civil Practice Act. *Price v. Price,* 243 Ga. 4 (252 SE2d 402) (1979); *Ivey v. Ivey,* 233 Ga. 45 (209 SE2d 590) (1974). The Civil Practice Act as adopted in Georgia contains no requirement that a prayer for process be included in the complaint in order for valid service of process to be effected. *Matthews v. Fayette County,* 233 Ga. 220 (210 SE2d 758) (1974). Furthermore, a defense of insufficiency of process or insufficiency of service of process is waived unless such defenses are made by motion or included in responsive pleadings as originally filed. Code Ann. § 81A-112. The record in this case reveals no such motion nor does it reveal the issue being raised in the responsive pleadings. The appellant made a general appearance before the court having jurisdiction over him, thereby submitting himself to jurisdiction of the court and waiving any claim of insufficiency of process or insufficiency of service of process. *Shephard v. Shephard,* 239 Ga. 22 (235 SE2d 538) (1977). Therefore, we find that the trial court acted properly in denying the motion to vacate and set aside the final decree and judgment for divorce and alimony.

2. Appellant's contention that the issuance of a fi. fa. is a prerequisite to the issuance of a summons of garnishment is also without merit. A garnishment proceeds from a money judgment. Code Ann. § 46-101. It has been decided in Division 1 above that a valid

underlying judgment exists. We find nothing in the law which requires a fi. fa. to issue along with or follow the judgment prior to the issuance of a summons of garnishment. A writ of fieri facias and an execution are synonymous in Georgia law. *Oxford v. Generator Exchange, Inc.*, 99 Ga. App. 290 (108 SE2d 174) (1959). Executions are issued for the purpose of authorizing sheriffs and their lawful deputies to proceed with levy on real and personal property. Code Ann. § 39-101 et seq. A plaintiff in a garnishment action is not seeking a levy or sale. Such a party is merely filing a new legal proceeding which may be contested anew by defendant or by the garnishee if either has grounds for such a contest. Constitutional due process requirements are adequately met by the judicial supervision and notice to the defendant mandated by the statutory procedure for garnishments as amended in 1977. Code Ann. §§ 46-102; 46-105; *Easterwood v. LeBlanc*, 240 Ga. 61, 62 (239 SE2d 383) (1977). This court has also specifically approved garnishment of wages to satisfy alimony orders or judgments as being procedures which meet the demands of due process. *Antico v. Antico*, 241 Ga. 294 (244 SE2d 820) (1978).

Appellee has filed in this court a motion for damages asking that attorney fees be assessed against appellant because of the frivolous nature of the appeal. This motion is denied.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents on the issue of attorney fees.*

SUBMITTED NOVEMBER 16, 1979 — DECIDED FEBRUARY 20, 1980.

*Watson, Brown, Foster & Murphy, John L. Watson, Jr.*, for appellant.

*Steinberg & Osborne, Leonard N. Steinberg*, for appellee.