**GEORGIA FARM BUILDINGS,
INC., Plaintiff,**

v.

**Vivian L. WILLARD, Individually and as
the personal representative of the Es-
tate of Claude Howard Willard, De-
ceased and John L. Green, Defendants.**

**Civ. A. No. C83–697A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 4, 1984.

Herbert S. Waldman, Atlanta, Ga., for
plaintiff.

John L. Green, Atlanta, Ga., for defend-
ants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiff brings this action alleging an
unconstitutional deprivation of its rights to
due process and equal protection of the law
as a result of defendants' "wrongful gar-
nishment." Although plaintiff characteriz-
es this action as one arising under 42
U.S.C. § 1983 (Complaint, ¶ 3), the com-
plaint also alleges a violation of plaintiff's
rights under the Constitution of Georgia
(Complaint, ¶ 25). Presently before the
court are plaintiff's and defendants' cross-
motions for summary judgment. Jurisdic-
tion is pursuant to 28 U.S.C. §§ 1331 and
1343(3) and the doctrine of pendent jurisdic-
tion.

## FACTS

Central to the present suit is the garnish-
ment action taken by defendants, Vivian L.
and Claude Howard Willard and John L.
Green, subsequent to the entry of a default
judgment and money judgment against
plaintiff, Georgia Farm Buildings, Inc.
("Georgia Farm"), in the case of *Willard v.
Ga. Farm Buildings, Inc.,* No. C–67290
(Fulton County Super.Ct. Dec. 1, 1980).
That case was a tort suit by the Willards
against Georgia Farm and four others.
The judgment was entered against Georgia
Farm only; the action against the other

defendants remained pending and, in fact, apparently remains pending today. Georgia Farm's motions to set aside the default judgment were denied. *Willard v. Ga. Farm Buildings, Inc.*, No. C–67290 (Fulton County Super.Ct. July 24, 1981; Jan. 18, 1982).[1]

The Willards, represented by their attorney, John L. Green, initiated the garnishment action in question in the State Court of Fulton County in October of 1981, and it was soon thereafter traversed by Georgia Farm. The traverse was denied,[2] *Willard v. Ga. Farm Buildings, Inc.*, No. 810160 (Fulton County State Ct. Nov. 29, 1982), and the court required Georgia Farm to post a $131,000.00 bond.[3] The Willards failed in their attempt to have this garnishment dissolution bond condemned but Georgia Farm was required to post an additional bond of $43,000.00. *Willard v. Ga. Farm Buildings, Inc.*, No. 810160 (Fulton County State Ct. Jan. 4, 1983).

Georgia Farm moved the State Court to vacate the garnishment on the ground that the judgment upon which the garnishment was based was not final and the Willards had not complied with the statutory requirements for pre-judgment garnishment. This motion was denied, the court finding that the default judgment was a final judgment.[4]

The Willards again moved to condemn the garnishment bonds and this time the State Court granted the motion. *Willard v. Ga. Farm Buildings*, No. 810160 (Fulton County State Ct. Apr. 22, 1983). Georgia

Farm appealed this decision to the Georgia Court of Appeals which ultimately reversed the State Court. *Ga. Farm Buildings, Inc. v. Willard*, No. 66974 (Ga.Ct.App. Jan. 3, 1984). The appellate court held that the judgment upon which the garnishment was based was *not* a final judgment because the record did not indicate that the trial court had made the determination that there was no just reason for delay as required by Ga. Off'l Code Ann. § 9–11–54(b). *Id.* Finding that the Willards had not followed the proper procedure for pre-judgment garnishment, the court vacated the garnishment and reversed the condemnation of the garnishment bonds. *Id.*

Before the Court of Appeals reached its decision, the Superior Court ruled that the default judgment had not been adjudicated final and, expressly finding no just reason for delay, declared the judgment final on June 20, 1983. *Willard v. Ga. Farm Buildings, Inc.*, No. C–67290 (Fulton County Super.Ct. June 20, 1983).

Georgia Farm filed the present suit on April 11, 1983, while the motion to condemn was pending and before either the Court of Appeals or the Superior Court had ruled that the default judgment was not final. It alleges that defendants' use of post-judgment garnishment procedures where there had been no final judgment deprived it of its constitutional rights to due process and equal protection as guaranteed by the Constitutions of the United States and Georgia. Georgia Farm seeks injunctive as well as monetary relief.

---

1.  Georgia Farm also filed a complaint in equity seeking to set aside the default judgment. This action was dismissed by the trial court for failure to state a cause of action and on res judicata grounds. (Case number and date of this decision are not disclosed in the record.) The Georgia Court of Appeals affirmed the dismissal. *Ga. Farm Buildings v. Willard*, 165 Ga.App. 325, 299 S.E.2d 181 (1983).

2.  The Georgia Court of Appeals reports that the State Court granted a stay "to allow [Georgia Farm] an opportunity to attack the validity of the original default judgment in the appropriate forum." *Ga. Farm Buildings, Inc. v. Willard*, No. 66974 (Ga.Ct.App. Jan 3, 1984). The Clerk of the State Court of Fulton County states that

no such stay appears on the docket sheet. This discrepancy is not important to the disposition of the motions before the court.

3.  Georgia Farm states the amount of this bond as $142,790.00, but the Georgia Court of Appeals reports the amount as $131,000.00 *Ga. Farm Buildings, Inc. v. Willard*, No. 66974 (Ga.Ct.App. Jan. 3, 1984). This discrepancy is not important to the disposition of the motions before the court.

4.  The date of this Order is not disclosed in the record. This information was obtained from the decision of the Georgia Court of Appeals dated January 3, 1984, discussed *infra* (Civil Action No. 66974).

## DISCUSSION

Before reaching the substantive issues raised by the cross-motions for summary judgment, the court first notes that it declines to rule that plaintiff's Request for Admissions is deemed admitted because of defendants' submission of their response one day late; the court also declines to enter summary judgment for plaintiff or to refuse to enter summary judgment for defendants based on the technical deficiencies of both defendants' response to plaintiff's motion and defendants' own motion.

### A. *Federal Constitutional Claims*

It is now clear that at the time the garnishment action was initiated by defendants, the judgment upon which the garnishment was based was not a final judgment. *Ga. Farm Buildings, Inc. v. Willard*, No. 66974 (Ga.Ct.App. Jan. 3, 1984). It is also clear that defendants used post-judgment, rather than pre-judgment, garnishment procedures apparently in violation of Georgia law.[5] *Id.* The question for the court is whether there is any genuine dispute that defendants' garnishment action did or did not unconstitutionally deprive plaintiff of its property without due process or equal protection under color of state law. 42 U.S.C. § 1983.

### 1. *Equal Protection*

Although neither plaintiff nor the defendants address plaintiff's equal protection claim in their briefs, the court construes the cross-motions for summary judgment to reach plaintiff's *entire* action and, accordingly, considers this claim as well.

To establish a violation of the Equal Protection Clause, a plaintiff must demonstrate that he is a member of a class which has been subjected to discrimination based on impermissible criteria. In the instant case, plaintiff has not even alleged membership in such a class. For this reason, the court GRANTS summary judgment for defendants on plaintiff's equal protection claim.

### 2. *Due Process*

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court enumerated four prerequisites to asserting a "due process" claim:

(1) The conduct complained of must have been committed by a person acting under color of State law;

(2) There must be a constitutionally protected property or liberty interest in issue;

(3) There must have been a deprivation of this protected interest; and

(4) The deprivation of the protected interest must have been without 'due process of law'.

*Id.* at 535–37, 101 S.Ct. at 1912–14. Even assuming *arguendo* that the first three conditions are present in this case,[6] the court finds that the fourth requirement proves fatal to plaintiff's due process claim.

The court begins its analysis by determining the procedural process which was due plaintiff.[7] This determination turns on whether the property seizure at issue is deemed pre- or post-judgment, as the Supreme Court has ruled that different proce-

---

5. *See* Ga.Off'l Code Ann. §§ 18–4–40 and 18–4–60. Post-judgment garnishment procedures are available only where "a money judgment shall have been obtained."

6. The Supreme Court case of *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982), raises doubt as to the existence of action under color of state law in this case; in that case the court held that private misuse of a state statute not prompted by a state rule or a state decision is not action under color of state law. *Id.* at 940–41, 102 S.Ct. at 2755–56. However, the court does not have before it the

decisions of the State Court in which the garnishment action was initiated and, therefore, cannot say at this point that defendants' misuse of the garnishment statute can or cannot be attributed to a state decision. Because the court is able to dispose of the motions for summary judgment on other grounds, it is unnecessary to determine whether the action under color of state law requirement is satisfied.

7. Plaintiff does not contend that it was denied substantive due process, only that it was denied procedural due process.

dural safeguards are constitutionally required for each.

Implicit in plaintiff's claim that defendants' use of post-judgment garnishment procedures was unconstitutional where no final judgment had been entered is the premise that any action taken prior to the formal entry of a final judgment, even action subsequent to the entry of a default and money judgment, is pre-judgment for due process purposes. Plaintiff does not cite any authority for this proposition and the court has been unable to find any.

■ Applying principles enunciated by the Supreme Court, this court concludes that plaintiff's argument is without merit. Where a defendant has defaulted and a money judgment has been obtained against it, there has been a "judgment" on the merits and the use of Georgia's post-judgment garnishment procedures to enforce the judgment provides that defendant with the process to which it is due under the Constitution. A default and attending money judgment resembles a "final" judgment (i.e., a judgment which has been expressly adjudicated final) in substance if not form.[8] The defendant has had its day in court and none of the concerns surrounding pre-judgment garnishments are present. See North Ga. Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975); Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Also see Mitchell v. W. T. Grant Co., 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) (pre-judgment sequestration); Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (pre-judgment replevin).

■ Since defendants' garnishment action was post-judgment for due process purposes, and because it appears that defendants complied with the statutory requirements for post-judgment garnishments, plaintiff was not deprived of property without due process.[9]

The court recognizes that the use of post-judgment garnishment procedures to enforce a tort judgment not declared "final" eliminates the availability of a stay or release of the garnishment pending appeal, Ga.Off'l Code Ann. § 18–4–65, because the judgment is not appealable under Georgia law. Ga.Off'l Code Ann. § 5–6–34. Although this may seem unfair, the court notes that such use of the garnishment laws is improper under Georgia law (as indicated by the Georgia Court of Appeals) and that, therefore, an adequate tort remedy for abuse of process exists to cure this apparent unfairness. The Due Process Clause does not address all inequities.

The court also recognizes that a defendant-debtor subjected to an improper use of the garnishment laws, such as plaintiff here, must incur costs to challenge the improper garnishment and that this, too, presents an apparent unfairness. However, this unfairness does not rise to the level of a unconstitutional deprivation of due process; the defendant-debtor can recover these costs in a suit for abuse of process.

The court GRANTS summary judgment for defendants on plaintiff's due process claim.[10]

## B. State Constitutional Claims

In light of the court's disposition of plaintiff's federal law claims, the court declines to exercise jurisdiction over the state law claims and DISMISSES them without prejudice. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

8. As for the argument that a default judgment is not "final" because it might be set aside later, Ga.Off'l Code Ann. § 9–11–55(b), the court notes that even a judgment which has been adjudicated "final" can be set aside, Ga.Off'l Code Ann. § 9–11–60(b), and yet it is still considered "final" for pre-judgment garnishment purposes.

9. Plaintiff does not suggest that Georgia's post-garnishment procedures are unconstitutional. See Antico v. Antico, 241 Ga. 294, 244 S.E.2d 820 (1978).

10. The court does not reach the respondeat superior issue presented by this case.

## CONCLUSION

In sum, regarding plaintiff's federal constitutional claims, the court GRANTS defendants' motion for summary judgment and DENIES plaintiff's motion for partial summary judgment; the court DISMISSES the state constitutional claims without prejudice. The Clerk is DIRECTED to enter judgment for defendant and against plaintiff on the federal claims.