### Kirkland v. Kirkland.

Hawkins, Justice. Christine Woods Kirkland brought her petition to have John Claude Kirkland adjudged in contempt for failure to pay her an amount alleged to be due as alimony under a decree of the court based upon a contract between the parties, which provided that the defendant would pay to the plaintiff for the maintenance and support of their minor child $60 per month, and "20% of the amount by which defendant's net earnings exceed the sum of $200 per month"; the contract and decree further providing that the defendant should pay an annual premium of $120 on a described insurance policy in which the child was named as beneficiary, and that, "in the event defendant has net earnings of more than $200 per month and is required to pay 20% of said excess to the plaintiff by the terms of this agreement, then defendant may deduct said premium from the 20% to be paid to plaintiff."

On the trial the undisputed evidence showed that the defendant had paid to the plaintiff $60 per month, and $10 per month on the insurance premium as required by the contract, but nothing more to her; that the defendant's gross salary for the seven months next preceding the date of the hearing was $595.83 per month; for the six months previous thereto, $545.83 per month; and for the six months previous to that, $433 per month; and that his employer withheld from his pay $103.09 per month as income and social-security taxes. He further testified that it was necessary for him to make certain other expenditures in order to retain his position, which should be allowed as deductions from his gross salary in arriving at the amount of his net earnings before calculating the 20% on his net earnings in excess of $200 per month.

The trial judge entered an order and judgment "that the defendant be adjudged in contempt, and ordered to pay plaintiff the sum of ($1058.00) one thousand and fifty-eight dollars, payable $250 on the 6th day of October, 1952, and $100 on the sixth day of each successive month until paid in full. Further ordered that the defendant pay Pierre Howard $25 as attorney fees for bringing this rule, on October 6, 1952. Upon failure to comply with this order the defendant shall be placed in jail until he purges himself by compliance." *Held*:

1. Where husband and wife enter into a valid contract settling the question of alimony to be paid by the husband for the support of their minor child, and such contract is, by agreement of the parties, made the judgment and decree of the court, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties. *Brown* v. *Farkas,* 195 *Ga.* 653 (25 S. E. 2d, 411).

2. It is clearly apparent from the wording of the contract and the decree in this case that the parties thereto contemplated that there was to be some deduction from the husband's gross salary in arriving at his "net earnings," for the use of the word "net" indicates that something was to be deducted from the gross. 66 C. J. S. 7; 28 Words & Phrases 514, 516; Georgia R. & Banking Co. *v.* Wright, 132 Fed. 912, 914; Winkelman *v.* General Motors Corporation (D. C., N. Y.), 44 Fed. Supp. 960, 1000.

3. In arriving at the defendant's net earnings he was certainly entitled to have deducted from his gross salary the income tax and social security deductions of $103.09 per month, withheld by the employer and never paid to the defendant, for even the plaintiff, in paragraph 3 of her petition alleged that such deductions should be taken into consideration. Notwithstanding this, the trial court allowed a deduction of less than seventy-six cents from the gross salary received by the defendant in excess of $200 per month during the period of nineteen months prior to the date of the hearing. That this is true is disclosed by the following calculation:

| | |
|---|---|
| Gross salary of $595.83 per month for 7 months | $ 4170.81 |
| Gross salary of $545.83 per month for 6 months | 3274.98 |
| Gross salary of $433.00 per month for 6 months | 2598.00 |
| Total | $10,043.79 |
| Less $200 per month for 19 months | 3800.00 |
| Gross salary after deducting $200 per month | $ 6243.79 |
| 20% of $6243.79 | $ 1248.758 |
| Insurance premium, $10 per month for 19 months | 190.00 |
| Balance | $ 1058.75. |

4. The trial court erred in adjudging that the defendant was in arrears in the sum of $1058, and in directing his imprisonment unless he purged himself of contempt by payment of this sum in the manner specified in the judgment complained of. Whether, in arriving at the net earnings on another trial, the defendant would be entitled to deductions of any of the other sums claimed by him as necessary expenses is a question of fact to be determined by the trial judge under the evidence.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*

No. 18053. SUBMITTED JANUARY 15, 1953—DECIDED FEBRUARY 9, 1953.

*Walker & Kilbride,* for plaintiff in error.

*Howard, Tiller & Howard* and *E. Freeman Leverett,* contra.