28741, 28742. RAMON v. RAMON (two cases).

INGRAM, Justice.

The same parties are involved in these two appeals

and, although the issues are different in the two cases, both arise out of earlier divorce proceedings between the parties in the Superior Court of Richmond County.

In Case No. 28741, the appeal is from an order adjudging appellant in contempt of the final divorce decree and directing appellant to pay the appellee the sum of $1,000 according to the terms of a written agreement between the parties which had been made a part of the divorce decree. The paragraph of the agreement in question provides that if appellant, an army officer at the time, became separated from the military service, he would receive approximately $15,000, less taxes, which would be used to pay certain bills and the balance divided equally between the parties. The last sentence in this paragraph of the agreement states: "It being further understood and agreed that the minimum amount to be paid (the appellee) from Army severance pay shall be $1,000 and up to 50 percent as specified above."

Appellant argues the trial court erred "in holding the appellant in contempt and ordering him to pay to appellee the sum of $1,000. . ." because there was a misunderstanding between the parties with respect to the intent of the language in the subject paragraph of the agreement and oral testimony should have been permitted to "ascertain the true intent of the parties."

The trial court conducted an evidentiary hearing and determined the agreement and divorce decree were clear and unambiguous and needed no parol explanation by the parties. We agree with the trial court and find no basis for concluding there was an abuse of discretion in holding appellant in contempt and ordering him to pay the $1,000 to the appellee as required by the terms of the agreement as made a part of the final divorce decree. The language in question provides unequivocally that in no event shall the sum of less than $1,000 be paid to appellee from appellant's severance pay. We find no error in this appeal and affirm the trial court.

In Case No. 28742, the appeal is from a judgment denying appellant's petition for a reduction in the amount of child support payments required under the terms of the divorce decree between the parties. The trial

court heard this case without the intervention of a jury by consent of the parties. Appellant urges in this appeal that the evidence in the trial court clearly showed a substantial adverse change in the income and financial status of appellant, requiring a reduction in the amount of child support fixed by the original divorce decree.

We are unable to review this asserted error by appellant because there is no transcript of the evidence adduced at the trial of this case. The record before us contains a statement by counsel for appellant that "no transcribing was done at the hearing." Consequently, we have no alternative except to presume that the trial court's judgment was supported by the evidence. See *Roberts v. Roberts,* 212 Ga. 770 (95 SE2d 689). The trial court's judgments in each of these cases must be affirmed.

*Judgments affirmed. All the Justices concur.*

SUBMITTED MARCH 18, 1974 — DECIDED APRIL 16, 1974.

*Bobby G. Beazley,* for appellant.
*Nicholson, Fleming & Blanchard, John Fleming,* for appellee.