## 29806. RODGERS v. RODGERS.

HILL, Justice.

This appeal is from a superior court order refusing to hold the defendant father in contempt of court for failure to pay the dental and child psychologist bills of his minor children.

A divorce was granted to these parties in 1969. Custody of the children was awarded to the mother, plaintiff-appellant here. The final divorce decree incorporated an agreement concerning child support, child custody and property division. The agreement provided that the father would pay $200 a month support and maintenance for each of his two children and in addition that he would bear the cost of "all doctor and hospital bills for said two children." After he refused to pay two dentist bills totaling $232 and one psychologist bill for $150, the mother applied for a contempt citation.

At the hearing the mother testified that the bills specified above were incurred on behalf of the children and that the father had paid the children's dentist bills until 1972. The father did not dispute that he had declined to pay the $382 dental and psychologist bills. He admitted having paid dental bills up to 1972 but explained that he did this gratuitously while the mother was in school. After hearing testimony and argument of counsel, the trial judge found that the father had not violated the decree by failing to pay "doctor" bills and denied the application for contempt. The mother appeals from that order.

The only question raised in this case is whether or not "all doctor bills" as used in the final divorce decree includes dentist and psychologist bills. No Georgia decision construing the word "doctor" vis-a-vis dentist or psychologist in a divorce decree has been cited to us and we have found none.

The meaning and effect of an agreement incorporated into a divorce decree should be determined according to the usual rules for the construction of contracts. *Kirkland v. Kirkland,* 209 Ga. 526 (1) (74 SE2d 453). The cardinal rule in construing contracts is to ascertain the intention of the parties. *Kirkland,* supra; Code § 20-702.

The father argues that when the words used in a contract have a clear and unambiguous meaning then the intention of the parties is clear and no explanation by the parties is proper to determine their intent, citing *Ramon v. Ramon,* 232 Ga. 97 (205 SE2d 311). It is the father's position that the agreement between the parties is clear and unambiguous and that "doctor" should be given its usual and common meaning, which is a person who practices medicine, a physician.

The father has pointed out that separate examining boards have been created by law for physicians and dentists and he has argued that when a person says: "I am going to see the doctor," the meaning is "physician"; otherwise such person would say: "I am going to the dentist."

However, a dentist is a doctor, albeit a doctor of dentistry, not a doctor of medicine, and it does not necessarily follow that a provision in a contractual agreement will be given its usual and common conversational meaning. When used in such an agreement, the word "doctor" in the phrase "all doctor bills" is not clear and unambiguous.

Unlike the provision in question in *Ramon,* supra, in which only one interpretation of the language was possible, the phrase "all doctor bills" is susceptible of more than one meaning and so the intention of the parties at the time the agreement was made, as determined by all the evidence, becomes material.

The testimony of the parties was, as might be expected, inconclusive on the question of intent as to dental bills. However, the agreement itself was in evidence.

The parties drew up this agreement to provide for a distribution of property, to provide for custody and visitation rights regarding the children, and to provide for the maintenance and support of the children during childhood. The father was responsible for $200 a month support for each child to cover their ordinary and recurring expenses. Clearly, "all doctor and hospital bills" were listed separately in order to ensure that such medical needs of the children would be met and would not encroach upon the base amount of $200 per month. A fixed

amount for these necessary but occasional and unexpected medical expenses could not be estimated monthly. The children are now nine and six years old, ages when dental care is essential if it be affordable. We find that the phrase "all doctor bills" includes dental bills. Of course, such bills would have to be reasonable and necessary just as would bills of physicians and hospitals.

Turning to the psychologist bills, we do not reach the same result. A psychologist is not a doctor. The agreement did not contemplate the payment of psychologist bills.

In view of the fact that this was a case of first impression in this state, the trial court did not err in declining to hold the father in contempt of court. However, the case must be remanded for entry of an order requiring payment of dental bills as provided herein.

*Remanded for an order consistent with this decision. All the Justices concur.*

ARGUED APRIL 14, 1975 — DECIDED
MAY 20, 1975.

*Bennett, Saliba & Wisenbaker, George M. Saliba,* for appellant.

*Tillman, Brice, McTier & Coleman, George T. Talley,* for appellee.