## 29944. BUFORD v. BUFORD.

INGRAM, Justice.

The appellant wife filed an action in the Superior Court of Jones County against her husband, the appellee, for alimony, child support and custody of their minor child. The husband answered, denying the allegations of the complaint, and counterclaiming for divorce. A temporary order was entered on July 1, 1972, awarding appellant $365 per month temporary alimony, $200 per

month temporary child support, temporary custody of the minor child and the use and possession of an automobile. Appellant filed a demand for jury trial, but subsequently the parties executed a document entitled "Contract of Settlement" which ultimately was approved by the trial court and incorporated in its final judgment.

This appeal followed and appellant raises three issues in her enumerations of error: (1) that the court below erred in denying her written demand for jury trial; (2) that the court below erred in ruling that she had affirmatively waived trial by jury; and (3) that the lower court erred in denying her the right to trial by jury on the issue of the validity of the contract and the rescission thereof.

The contract of settlement stated that the parties were mutually desirous of settling the issues of alimony and child support and that it was executed in consideration of the mutual covenants therein. The document stated that the appellee would pay to appellant the sum of $365 per month until she died or remarried. It further recited that the husband would pay the wife $200 per month as support for their minor child until the child died or attained his majority. The husband also was required to transfer to the wife title to the car which was presently in her possession. The issues of attorney fees for the wife's attorney, and of child custody and visitation were expressly left open for later determination. The parties also mutually agreed to withdraw the demand for jury trial previously filed and agreed to submit the case to the court without a jury and make their agreement a part of the judgment of the court. The document was signed by both parties and witnessed by appellant's attorney.

However, appellant later filed an amendment in the trial court which purported to revoke her waiver of jury trial and rescind the contract of settlement on the grounds that she was under duress at the time of execution of the contract and that it was not freely and voluntarily entered into by her. Appellant further averred that the contract was rescinded because of her husband's non-compliance with its terms. The appellee-husband subsequently filed a motion in the trial court stating that an agreement had been entered into by the parties, attaching the contract as

an exhibit, and that such agreement contained a waiver of jury trial and also provided the case could be submitted to the court at any time and that the contract of settlement was to be made a part of the judgment of the court. The appellee then stated that he was entitled to have the contract between himself and the plaintiff made the judgment of the court and prayed that the plaintiff's amendment be expunged and that judgment be entered incorporating the agreement of the parties.

Thereafter, appellant filed an affidavit in support of her earlier amendment and in opposition to appellee's motion and shortly thereafter also filed a motion praying that her amendment be allowed and that she have a trial by jury on the issues in the case. The motions of both appellant and appellee came on for hearing and the trial court entered its judgment reciting that after counsel for both sides had presented their evidence and had been heard, it was found that appellant had affirmatively waived trial by jury and her written jury demand was denied. Appellant's motion for leave to file her second amendment was granted, except that the prayer for jury trial was denied. The judgment also provided that the motion of appellee to make the contract between the parties a part of the judgment of the court was granted and the contract was approved, adopted and incorporated by reference as part of the judgment and decree, and both parties were ordered to comply therewith.

The trial court's order appears to be a final judgment in the case although it contains the statement that, "The questions herein decided are of such importance to the case that they are hereby certified for immediate review." Appellant's contentions, in this appeal from the judgment of the trial court, all basically challenge the rulings of the trial judge which were made after a hearing and presentation of evidence by both parties. However, the transcript of evidence considered at that hearing by the trial court was specifically deleted from the record on appeal by appellant.

The contract of settlement between the parties was not void as a matter of law. The issues raised by appellant's amendment, seeking rescission of the contract and a jury trial, were passed on by the trial court after

hearing evidence from both parties. As we construe appellant's amendment, it did not seek a jury trial on the alleged invalidity of the settlement contract or the attempted rescission of it. It sought only a jury trial on the alimony and child support issues. We must presume the trial court correctly ruled on the issues before it under the evidence it considered since appellant expressly chose not to include a transcript of the evidence in this appeal. Appellant has the burden of demonstrating reversible error committed in the trial court but has failed to do so in this appeal. We will affirm the trial court's judgment in this case. See *Cason v. Upson County Bd. of Health,* 227 Ga. 451 (2) (181 SE2d 487); *Ramon v. Ramon,* 232 Ga. 97, 99 (205 SE2d 311); and *Blackshear v. Blackshear,* 232 Ga. 312, 314 (206 SE2d 429). Nothing decided in *Interstate Financial Corp. v. Appel,* 233 Ga. 649 (212 SE2d 821), under the peculiar facts of that case, requires a different result here.

*Judgment affirmed. All the Justices concur.*

Submitted May 15, 1975 — Decided July 1, 1975.

*McKenney & Thornton, Richard B. Thornton,* for appellant.

*H. T. O'Neal, Jr.,* for appellee.