## 31083. BLACKWOOD v. HODGES.

GUNTER, Justice.

Appellee-father filed a complaint below against the appellant-mother which he denominated "application for citation for contempt." The complaint contended that the mother had accepted child support payments from the father for a considerable period of time after the child had become self-supporting, that such payments were not due after that time, and that the mother was well aware of this fact. The complaint prayed that the mother be held in contempt of court for accepting payments which were not due under the court's former child support judgment, and Paragraph 6 of the complaint stated: "Movant shows that the money that has been paid to his former wife should be ordered refunded to him and that an order should be entered showing that the son Jeff Wilson Hodges III became self-supporting in 1973, and that no further

payments for the support of said child should be had against movant."

The mother filed responsive pleadings, the trial court conducted a hearing, and he then entered a judgment which held that the mother was not in contempt of court, that the child became self-supporting on September 1, 1974, and that the father "shall not be liable for any child-support payments after said date."

The mother has appealed, and she contends here: (1) The trial court granted relief which was not the subject matter of the application for the rule of contempt; (2) the trial court modified the divorce decree entered on May 1, 1968; and (3) the trial court's determination that the child was in effect self-supporting was not supported by the evidence.

Although the pleading filed by the father was denominated "application for citation for contempt," it clearly sought more than that. The responsive pleading filed by the mother merely admitted the allegations contained in the first paragraph of the pleading and denied the allegations contained in the other five paragraphs of the pleading.

Under these circumstances, we think the trial judge was justified in determining the issues raised by the pleadings of the respective parties. Therefore, the first enumerated error is without merit.

With respect to the second enumerated error, the trial judge did not modify the former divorce judgment; he merely construed one of its provisions and the evidence applicable thereto and concluded that child support payments under that provision did not have to be paid by the father after a specified date.

With respect to the third enumerated error, the evidence adequately supported the conclusion reached by the trial judge.

We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 5, 1976 — DECIDED
SEPTEMBER 7, 1976.

*Brackett, Arnall & Stephens, C. F. Brackett, Jr.,* for appellant.

*Carl W. Poss,* for appellee.