56072, 56073. FARMER v. FARMER; and vice versa.

QUILLIAN, Presiding Judge.

A summons of garnishment was filed by Laura C. Farmer against M. H. Farmer, defendant, and the United States as garnishee. She alleged her husband was $8,800 in arrears in child support payments. Mr. Farmer filed a traverse and the garnishee paid $642.49 into court. The trial court dismissed defendant's traverse and found he was indebted to the plaintiff in the amount of $1,400 and the money was disbursed to the plaintiff.

Mr. Farmer has appealed, asserting the trial court erred in its findings of fact and conclusions of law, and that the "post-judgment garnishment statute of Georgia" is unconstitutional.

Laura Farmer cross appealed, alleging there is insufficient evidence to support the finding of the court that she and her husband entered into an agreement, subsequent to the judgment and decree of alimony, that Mr. Farmer was to pay $100 per month directly to the lien holder of their home and credit the payment against his obligation to pay $200 per month child support. *Held:*

### Appeal No. 56072

1. Plaintiff-appellee contends defendant-appellant "has abandoned his alleged enumeration of errors by his failure to comply with Rule 18 (c) (2) of this Court." See Code Ann. § 24-3618 (c) (2). We agree that counsel for appellant has not fully complied with the rules of this court. He filed six enumerations of error but presented only four divisions in Part 3 of his appellate brief's section on "Argument and Citation of Authority." Further, only one of his four headnotes in Part 3 corresponded to an enumerated error.

Inasmuch as the factual base for the argument presented in Part 3 of appellant's brief corresponds, to a degree, to some of the enumerated errors, we will not treat them as abandoned but conclude that they are without merit — for a number of reasons.

The court's findings of fact are authorized by the evidence (*Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378)), and are not "clearly erroneous." CPA § 52 (a), Code Ann. § 81A-152 (a) (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171). We also find the court's conclusions of law not to be erroneous for any of the reasons enumerated.

Where, as in the instant case, the husband and wife enter into an agreement settling the question of alimony to be paid by the husband for the support of minor children, and such agreement is made the judgment and decree of the court, its meaning and effect — if incomplete or in doubt, should be determined according to usual rules for construction of contracts — the cardinal rule being to ascertain the intention of the parties. *Kirkland v.*

*Kirkland,* 209 Ga. 526 (1) (74 SE2d 453); *Rodgers v. Rodgers,* 234 Ga. 463 (216 SE2d 322). Thus, where the instant agreement was incomplete — in that it did not cover a situation where one or both of the children were not living with the mother but were not emancipated or self-supporting, the court correctly construed the provisions of the decree (*Blackwood v. Hodges,* 237 Ga. 388, 389 (228 SE2d 799)) and concluded that child support payments must be continued by the father even though the child was not living in the household of the mother where the child was not "self-supporting" within the meaning of the law and the "agreement" of the parties, which had been incorporated into the judgment and decree. See *Taylor v. Taylor,* 216 Ga. 767, 769 (119 SE2d 571); *May v. May,* 229 Ga. 832 (195 SE2d 7); *Thomas v. Thomas,* 236 Ga. 311 (223 SE2d 691); *Arnold v. Arnold,* 236 Ga. 594, 595 (225 SE2d 30). We find no merit in appellant's enumerations of error.

2. Jurisdiction lies in the Court of Appeals on constitutional questions which have been finally and conclusively determined by a decision of the Supreme Court. *Phillips v. State,* 229 Ga. 313 (191 SE2d 61). The post-judgment garnishment procedure of Georgia, as amended by Ga. L. 1977, pp. 159-166, "meets the requirements of judicial supervision and notice, and is not unconstitutional for those reasons." *Easterwood v. LeBlanc,* 240 Ga. 61, 62 (239 SE2d 383).

*Appeal No. 56073*

1. There is sufficient evidence in the record to support the trial court's finding of fact that the parties entered into an agreement following the judgment of the court that "the Plaintiff directed the Defendant to pay the house payments of $100 per month directly to the lien holder and, in effect, credit said payments against the total obligation to Plaintiff of $200 per month child support payments pursuant to the terms of" the parties' pre-trial agreement which had been incorporated into the judgment and decree of the court. This enumeration is meritless.

2. Plaintiff argues that even if the finding of fact were proper, the court erred in holding that defendant husband was entitled to credit such payments as a matter

of law against the sum he was required to pay for support under the judgment of the court. We can not agree.

The court entered judgment in accordance with the parties' pre-trial agreement that if the wife continued to reside at the couple's home, she would make the monthly mortgage payments, and the husband would make support payments in the amount of $100 per month per child — for a total of $200 per month. Mr. Farmer was in the military service and he had a continuing monthly allotment to the wife in the amount of $100. They discussed the "terms of the payments." He testified that, in effect, since he would be "out of state" at times, and out of the United States, "rather than send her the money and have her go secondhand to the mortgage company [because] [t]he distance involved would cause a delay" that he would pay the mortgage payment directly to the mortgagee. The fact that the husband paid the mortgage monthly during the years this agreement was in effect is not in issue. The only question is whether the husband should have that amount credited to the monthly amount he was to pay as child support. We conclude — as did the trial court, that he is entitled to have it credited toward payment of child support.

We are aware that parents themselves cannot, by a subsequent agreement, nullify or modify a final decree of a court so as to deprive children of alimony granted by the judgment. *Palmes v. Palmes,* 231 Ga. 347 (1) (201 SE2d 413). The mother acquires no interest in the funds paid to her and she is charged with the duty of seeing they are applied solely for the benefit of the children. *O'Neil v. Williams,* 232 Ga. 170, 175 (205 SE2d 226). Since this right of support belongs to the children a mother has no right to waive it. *Livsey v. Livsey,* 229 Ga. 368 (191 SE2d 859). Neither is the father entitled to credit toward support payments for minor children if he makes additional voluntary payments for their support and maintenance. *Wills v. Glunts,* 222 Ga. 647, 649 (151 SE2d 760). However, our Supreme Court has found exceptions exist to these general rules. "Several jurisdictions, including many which support the above general rule[s], have held that a father may be given credit if equity would so dictate under the particular circumstances involved,

provided that such an allowance would not do an injustice to the mother. 47 ALR3d [1039], 1041. Included among those equitable exceptions are situations where the mother has consented to the father's voluntary expenditures as an alternative to his child support obligation. . .[Cits.] or where the father has been in substantial compliance with the spirit and intent of the divorce decree. . ." *Daniel v. Daniel,* 239 Ga. 466, 468 (238 SE2d 108).

The trial court found, and we have held that the evidence of record supports such finding, that the husband and wife entered into this agreement that the husband would send $100 to the mortgage company directly — which the wife was required by the decree to pay to maintain a home for the minor children, and the remainder of the support would be sent to her. This arrangement was followed for years and after the husband returned to the United States from abroad the wife requested that he reduce the mortgage payments to $87 and increase her check to $113 — which he did. This exception falls within the strict guidance of *Daniel.* This was not a modification or reduction in amount of support of the court decree. The husband paid the total amount decreed by the court every month. It was not a gratuitous payment. The wife agreed to the form of payment used. The children received the benefit of the funds paid to the mortgage company as it provided them a home. We find this enumeration to be without merit.

*Judgments affirmed. Webb and McMurray, JJ., concur.*

SUBMITTED JULY 10, 1978 — DECIDED SEPTEMBER 11, 1978 — REHEARING DENIED OCTOBER 5, 1978, IN CASE NO. 56072.

*Kenneth S. Stepp,* for appellant.
*Page, Scrantom, Harris, McGlamry & Chapman, Joan Swift, Mark R. Youmans,* for appellee.