## 61309. CRAWFORD v. CRAWFORD et al.

McMURRAY, Presiding Judge.

This is a garnishment proceeding for the collection of child support. Two documents were stipulated into evidence in the trial court, the same being the final judgment and divorce decree with an agreement executed by both parties settling all questions as to alimony and child support and a document designated final order of modification which was also consented to by all parties.

The garnishment was filed. The garnishee answered and paid $1,200 into court. The defendant then filed a traverse to the garnishment contending he is not indebted to plaintiff in any amount and he does not owe the amount claimed by the plaintiff and demanding that the garnishment be dismissed. The traverse was set down for a hearing. The trial court set forth in its order overruling and denying the traverse the above facts with reference to the divorce decree. The order incorporated only parts of the written agreement involving the two minor children and also the petition to modify and the agreement entered as a consent decree with reference thereto. In its final order the court construed the language contained in the consent decree as a matter of law. The defendant appeals, contending that the trial court has erroneously construed the language contained in the consent decree. *Held:*

The defendant in garnishment was the defendant in the divorce and alimony and child support proceedings. The dispute here is whether or not the consent decree required an additional $50 per month child support per child when each child reached the age 12 years only upon the remarriage of the plaintiff at which time (remarriage) there would be an increase of $250 per month for the support and maintenance of each of the said minor children, or simply when each child becomes 12 years of age, notwithstanding remarriage, an additional $50 per month would be "in addition to amount the child shall at that time be entitled to receive." The trial court simply construed the document as a matter of law to mean that the additional sum of $50 per month per child should have been

"upon their reaching the age of 12 years," relying upon language in the document as follows: "The Defendant shall pay to the Plaintiff *an additional* $50.00 per month for each child, which sum shall be *in addition to the amount the child shall at that time be entitled to receive as hereinabove provided."* (Emphasis supplied.)

If the language of the document was clear and unambiguous, then the trial court was correct in its construction as to its meaning as a matter of law. However, all agreements "should be determined according to the usual rules for the construction of contracts. *Kirkland v. Kirkland,* 209 Ga. 526 (1) (74 SE2d 453). The cardinal rule in construing contracts is to ascertain the intention of the parties. *Kirkland,* supra; Code § 20-702." *Rodgers v. Rodgers,* 234 Ga. 463 (216 SE2d 322).

Counsel for the defendant argues that since the modification order dealt with child support in two separate paragraphs the intention of the parties was that the child support would increase $50 per month per child when each child reached 12 years of age, but only in the event of her remarriage. It is true that the language with reference to each child reaching the age of 12 years occurred in the same paragraph of the agreement and stipulation with reference to the increase of support and maintenance of each child should the plaintiff remarry. Consequently, the instrument is somewhat ambiguous as to whether the $50 per month per child when each child "reaches the age of 12 years" would occur only in the event of remarriage of the plaintiff and the support and maintenance of each child was increased by the sum of $250 per month "which sum shall be in addition to amount said child shall at that time be entitled to receive as hereinabove provided," or related back to the totally separate paragraph dealing with child support payable to the plaintiff so long as she remains single. Consequently, the consent decree (containing the agreement of the parties) is clearly susceptible of more than one meaning; and the intention of the parties is for jury determination. See *Pinkerton & Laws Co. v. Atlantis Realty Co.,* 128 Ga. App. 662, 666 (3) (197 SE2d 749); *Tarbutton v. Duggan,* 45 Ga. App. 31 (7) (163 SE 298); *Nat. Manufacture & Stores v. Dekle,* 48 Ga. App. 515, 521 (1) (2) (173 SE 408); *Armistead v. McGuire,* 46 Ga. 232, 233-236.

Therefore, under the facts and circumstances of the case sub judice, the trial court erred in its construction, as a matter of law, and in denying the defendant's traverse.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED APRIL 6, 1981.

*David F. Kell, Jr.,* for appellant.
*John C. Tyler,* for appellees.