67080. JONES et al. v. QUIGLEY.

MCMURRAY, Chief Judge.

The parties to this appeal entered into a real estate sales contract in which the plaintiff was the seller and the defendants were the buyers. The contract was for the sale of residential property. The defendants deposited $1,000 as earnest money (which was $5,000 less than the stipulated earnest money requirement of $6,000 as set forth in the sales contract) with the plaintiff. The sale did not take place, and the plaintiff brought suit against the defendants for damages alleging breach of contract by the defendants. A counterclaim was filed by the defendants to recover the earnest money deposited, damages and litigation expenses. All parties filed motions for summary judgment. The trial court granted the plaintiff's summary judgment motion and denied the defendants'. The defendants appeal. *Held:*

1. In enumeration 1 defendants contend that the trial court erred by denying their motion for summary judgment since no genuine issue as to any material fact exists. Defendants argue that the real estate sales contract upon which plaintiff bases his action for

recovery of money damages is lacking in mutuality and therefore unenforceable. For this reason, defendants argue that they are entitled to judgment as a matter of law. Defendants' contention is without merit.

It has long been the rule in Georgia that the test of mutuality is to be applied as of the time the contract is to be enforced. *Tuggle v. Wilson,* 248 Ga. 335, 336 (1) (282 SE2d 110); *Wehunt v. Pritchett,* 208 Ga. 441, 443 (67 SE2d 233). If at that time the contract contains mutual obligations equally binding on both parties to the contract, then the contract is not unilateral and unenforceable. *Palmer Brick Co. v. Woodward,* 138 Ga. 289 (75 SE 480).

Here, the contract, in paragraph 2, subsection (d), states: "If said loan is not obtained by, or made available to, Purchaser within *21* days from the date of this Contract [April 7, 1981], at the option of Seller (to be exercised by written notice), this Contract shall be null and void and the Earnest Money shall be refunded by Seller to Purchaser." Defendants contend that the plaintiff, by deleting the words "either party" and replacing them instead with the word "Seller," destroyed the contract's mutuality. In other words, defendants argue that 21 days after the contract date, plaintiff had no obligation whatsoever to sell the property to the defendants. However, this is not true since before plaintiff could avoid his obligation to sell the property to the defendants, he would have had to exercise his option to declare the contract null and void by giving the defendants written notice. Further, he would have had to refund the earnest money to the defendants. Plaintiff neither exercised his option nor refunded the earnest money to the defendants and therefore, remained bound through the closing date to sell the property to the defendants. Thus, the contract does not lack mutuality. "While a contract may be 'highly protective of the seller without a corresponding protection to the purchaser, it is not lacking in mutuality, and therefore not void upon its face. Where the essentials of a contract are present and no rule of law appears to have been transgressed, the courts are powerless to interfere merely because in the respect indicated the agreement may be a harsh one.' [Cit.]" *Aspironal Laboratories v. Rosenblatt,* 34 Ga. App. 255, 256 (4) (129 SE 140). The trial court's denial of defendants' summary judgment motion as to this issue was proper.

2. In enumeration 2 defendants contend that the trial court erred by granting the plaintiff's motion for summary judgment on the issue of liability because a genuine issue as to a material fact exists. Defendants contend that since the contract in issue was contingent upon them obtaining a loan (as specified in Paragraph 2 of the contract) a question of fact arises as to whether they (defendants)

sought the loan in good faith.

In Paragraph 2, subsection (a), the contract states: "2. WHERE NEW LOAN IS TO BE OBTAINED: (a) The purchase price of the Property shall be paid all in cash at the closing. Purchaser shall, within five banking days from the date of this Contract, apply for and accept, *if available* a *conventional* loan, secured by a deed to secure debt conveying the Property, in the amount of . . . *$95,000.00,* bearing interest on the unpaid principal balance at *14 7/8* percent per annum, repayable over *30* years, with principal and interest to be payable in monthly installments of *$1,192.25* each . . ." (Emphasis supplied). This language leads this court to believe that if a loan, as set out above, was not obtained by or made available to the defendants, then they (defendants) would have no obligation to go through with the sale. This interpretation is strengthened by the fact that the plaintiff admits in his complaint that the contract of sale and the obligations of the defendants were contingent on the financing stipulated in Paragraph 2 of the sales contract being obtained by or made available to them. See *Johnson v. Daniel,* 135 Ga. App. 926, 928 (2) (219 SE2d 579), holding that where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor. Thus, the language in Paragraph 2, subsection (d) (as set out in our consideration of Enumeration of Error 1 in Division 1), must be interpreted to mean that if said loan was not obtained by, or made available to, the defendants within 21 days from the contract date, seller had the option to allow the defendants additional time to obtain a loan in satisfaction of the Paragraph 2 financing requirements. This construction is consistent with the contingent nature of the contract and the fact that defendants needed to obtain a loan in order to purchase the house. Further, it would be illogical to hold that the seller had the option to make the defendants go through with the sale whether or not a loan was obtained by, or made available to them, since this would have the effect of nullifying the contingent nature of the contract. See *Crawford v. Crawford,* 158 Ga. App. 187, 188 (279 SE2d 486); *Kirkland v. Kirkland,* 209 Ga. 526 (1) (74 SE2d 453).

Having decided that the contract of sale and obligations of the defendants were contingent upon them obtaining a loan (as specified in Paragraph 2 of the sales contract), the crucial question becomes whether the defendants exercised good faith in trying to obtain this loan. To this end, plaintiff presents several different arguments in an attempt to show evidence of defendants' bad faith. However, " '[o]n a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party

and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers . . . are treated with considerable indulgence. [Cit.]' " *Lansky v. Goldstein,* 136 Ga. App. 607 (1) (222 SE2d 62). The movant here, the plaintiff, did not meet this burden and as such, a genuine issue of material fact arises as to whether the defendants exercised good faith in their efforts to obtain a loan. This is a jury question. See *Century Dodge, Inc. v. Mobley,* 155 Ga. App. 712, 713 (2) (272 SE2d 502); *Davis v. Kirkland,* 1 Ga. App. 5, 7 (58 SE 209); *Dodd v. Callaway,* 76 Ga. App. 629 (1), 633 (46 SE2d 740). Thus, the trial court erred by granting the plaintiff's motion for summary judgment.

*Judgment affirmed in part and reversed in part. Shulman, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 16, 1984.

*James A. Gober, Edward S. Sams,* for appellants.
*Theodore Salter, Jr., Thomas J. Venker,* for appellee.