[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15909
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cv-00278-LGW-GRS


WILLIAM A. ANDERSON,

Plaintiff-Appellant,

versus

AMERICAN GENERAL INSURANCE,
d.b.a. AIG Life and Retirement C/O,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 11, 2017)

Before ED CARNES, Chief Judge, TJOFLAT, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

William Anderson began working for AIG Life and Retirement in 2003. At that time he signed an employment agreement, which contained a provision stating that AIG's dispute resolution program governed disputes involving employment related legal claims. AIG revised that employment agreement in 2008, and Anderson and an AIG general manager signed the revised agreement. That revised agreement incorporated documents, which Anderson acknowledged receiving, setting out AIG's dispute resolution program. That dispute resolution program included an agreement to arbitrate certain employment related claims.

In 2014 Anderson sued AIG for discriminating and retaliating against him in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act, and the Americans with Disabilities Act. AIG filed a motion to compel arbitration and dismiss, or alternatively stay, the proceedings. The district court granted that motion and dismissed the lawsuit without prejudice. Anderson now appeals.

We review de novo a district court's grant of a motion to compel arbitration and dismiss. Dale v. Comcast Corp., 498 F.3d 1216, 1219 (11th Cir. 2007). Under the Federal Arbitration Act, "arbitration agreements are valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (quotation marks omitted). And under the Act a court must "either stay or dismiss a lawsuit and . . . compel arbitration upon a showing that (a) the plaintiff

2

entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court must fall within the scope of that agreement." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008) (quotation marks omitted). Anderson contends that the arbitration agreement is not enforceable under Georgia contract law — which governs the agreement — because it lacks valid consideration. See id. ("Under Georgia law, a contract is enforceable if there is (a) a definite offer and (b) complete acceptance (c) for consideration.").

Specifically, Anderson contends that the agreement to arbitrate lacks consideration because AIG's promise to be bound to the dispute resolution plan was illusory. "To satisfy the consideration requirement under Georgia law, an accepting party to a contract can either tender bargained-for performance or make a mutual promise." Id. While mutual promises, such as a mutual promise to arbitrate, is sufficient consideration, "where a party offers an illusory promise, a court will find inadequate consideration and deem the contract unenforceable." Id. at 1196. And "[a]n illusory promise exists when 'words of promise . . . by their terms make performance entirely optional with the "promisor" whatever may happen, or whatever course of conduct in other respects he may pursue.'" Id. (quoting Kemira, Inc. v. Williams Investigative & Sec. Servs., Inc., 450 S.E.2d 427, 431 (Ga. Ct. App. 1994)) (alteration in original).

3

The 2008 revised employment agreement states that, as consideration for agreeing to follow the dispute resolution program, "[b]oth the Company and the Sales Employee are agreeing to resolve all disputes covered by the Employment Dispute Resolution Program through the Employment Dispute Resolution Program and, therefore, to waive their right to a trial in a judicial forum before a jury . . . ." In other words the consideration came in the form of mutual promises to be bound by the dispute resolution program.

While the briefing is unclear, Anderson appears to first argue that the agreement to arbitrate is illusory because AIG failed to honor its obligations under the open door provision of the dispute resolution program. That argument fails however, because to the extent AIG breached an agreement to follow its open door policy, breaching the contract does not render the arbitration agreement illusory under Georgia law. "It has long been the rule in Georgia that the test of mutuality is to be applied at the time the contract is to be enforced. If at that time the contract contains mutual obligations equally binding on both parties to the contract, then the contract is not unilateral and unenforceable." Jones v. Quigley, 315 S.E.2d 59, 60 (Ga. Ct. App. 1984) (citations omitted). AIG's alleged failure to honor the open door policy did not render the agreement to arbitrate illusory.

Anderson alternatively contends that AIG's promise to arbitrate is illusory because the dispute resolution program allows AIG to choose whether to arbitrate

claims instead of requiring it to arbitrate.  He bases that contention on the arbitration provision in the dispute resolution program, which states that "[i]f your dispute involves a legally protected right that was not resolved [by internal dispute resolution methods], then you or the AIG company may request . . . Arbitration." Anderson focuses on the word "may" as indicating that AIG is not required under the agreement to arbitrate claims, which means that AIG's mutual promise to be bound to arbitration is illusory.

Anderson failed, however, to contend that in the district court.  While in the district court Anderson asserted other reasons why the agreement was illusory, he did not raise this contention and, as a result, we will not consider it.  See OPIS Mgmt. Res., LLC v. Sec'y, Fla. Agency for Health Care Admin., 713 F.3d 1291, 1297 n.7 (11th Cir. 2013) (reviewing the district court's grant of summary judgment and declining to consider an argument not made in the district court because the party's reliance on a certain regulation in the district court did not allow that party to make a different argument based on that same regulation on appeal).[1]

Anderson alternatively contends that the district court erred by dismissing the action instead of staying the proceedings pending arbitration of his claims.

---

[1]  Anderson also contends that the agreement to arbitrate is unconscionable, indefinite, and ambiguous.  He failed to raise those arguments in the district court, and as a result, he waived them.  See OPIS Mgmt. Res., LLC, 713 F.3d at 1297 n.7.

Specifically, he contends that the Federal Arbitration Act's plain language requires that a district court stay the proceedings pending arbitration, instead of dismissing the action, when a party requests a stay. Anderson failed, however, to preserve that argument in the district court. "It is well established in this circuit that, absent extraordinary circumstances, legal theories and arguments not raised squarely before the district court cannot be broached for the first time on appeal." Bryant v. Jones, 575 F.3d 1281, 1308 (11th Cir. 2009).

While Anderson, in his brief in opposition to AIG's motion to compel arbitration, requested that the district court stay the proceedings if it found that his claims were subject to arbitration, he did not argue that the district court was required under the Federal Arbitration Act to stay the proceedings. As a result, he failed to preserve the issue he raises now: that under the Federal Arbitration Act the district court must stay the proceedings and cannot dismiss the action.

**AFFIRMED.**

6