HOWARD *vs.* TUCKER *et al.*

1. A minor cannot make a legal sale of land to her guardian.

2. While a sale of land by a minor to her guardian is not a legal sale, yet if it is acted on, and she receives a valuable consideration and retains it, or receives the benefit of it after majority, with full knowledge of her rights, she thereby ratifies the sale and will be bound by it.

3. All the questions in this case were not fully submitted and passed upon, and a new trial is granted.

Guardian and ward. Contracts. New trial. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1879.

Reported in the decision.

N. A. SMITH, for plaintiff in error.

E. G. SIMMONS; ALLEN FORT; W. A. BYRD, for defendants.

CRAWFORD, Justice.

Charles M. Tucker, Henrietta M. Tucker and Eli J. Tucker owned jointly five hundred acres of land, Charles M. owning one third interest in his own right, and being guardian for the other two, who were minors, went into its possession and cultivated it until his death. John D. Brown, who was his security on the guardian's bond, and also the brother of Mrs. Charles M., without letters of administration, then took possession and control thereof, and with the said Mrs. Charles M. is still in possession. This bill was filed by Eli J. Tucker praying a partition of the land and that Brown account for its rents. Henrietta who had intermarried with one Howard was made a party defendant. She answered the bill, admitted the facts set forth therein, and joined in the prayer for a partition,

claiming her one third interest.    Brown also answered ; he admitted the guardianship of Charles M.; his possession of the land during his life, and his own since his death ; but denied that Henrietta had any interest in it, as the said Charles M. in his life-time had purchased the same from her at the sum of one thousand dollars ; that there was no written contract of the sale, but that the said Charles M. had paid on the same $810.00, and when the balance was paid that she was to make him a deed to her said one third interest.    He further answered that he had paid to Howard her authorized agent the sum of $210.00, leaving due of the said purchase money about $75.00, which had been tendered to her.

Upon these pleadings the cause was tried, but the only issue submitted to the jury was the sale of the land by Mrs. Howard ; the jury found against her under the evidence and charge, whereupon she moved a new trial.

The real questions presented by her motion are :

1. Can a ward make a legal sale of land to the guardian during minority ?

We hold that this cannot be done.

Real estate belonging to a ward must be sold according to law and in no other way.    Code, §1828.

Minors are under disabilities as to making contracts, or disposing of property.    Code, §1657.

The law protects a wife against her husband, *a cestui que trust* against the trustee, and a ward against a guardian.

We hold that no fiduciary, except by special provision of law, can deal for his own benefit with the subject matter of the trust, and this principle is so well recognized and established as to need no citation of authorities.    The judge below charged the jury that the first question to which he would call their attention was whether there was a contract of sale between Mrs. Howard and her guardian.    Holding as we do that there can be no such contract, the jury, we apprehend, construed it to mean that it was such a contract as parties who are *sui juris* could en-

ter into and make, and were governed in their finding thereby.

2. The second question made by the motion and to be considered is:

If an *agreement* for a sale is made, and the parties act upon it at the time and subsequently, in such way as to perpetrate a fraud one upon the other unless it is carried out, can it be enforced? We hold that it may.

Where we speak of a contract in what we have said, we mean a contract that the law will enforce. Under our law the contracts of infants except for necessaries are void, but whilst that is true, an infant may do acts during his minority, which by other acts done after his majority will make the first legal and binding. To apply this principle to this case, Mrs. Howard could make no legal contract to sell her land, but suppose that she, notwithstanding her disability, did attempt to make one, and in pursuance thereof accepted the purchase price in property, or other valuable consideration, and after her arrival at age retained the possession of such property, or enjoyed the proceeds of such valuable consideration, this continued possession or enjoyment would work a ratification of the contract and make it binding on her.

3. The last question arising in the case for our judgment is:

Was the testimony sufficient to support the original agreement to sell, and the subsequent ratification after Mrs. Howard reached her majority, with a full knowledge on her part of her legal rights? We do not think that these questions are fully or satisfactorily met by the proof, and that there should be a new trial, with special attention directed to the original agreement to sell; what property or money was received by Mrs. Howard's consent and authority upon the agreement itself? and whether the acts of ratification were made with knowledge that there was no liability on the original contract, and that she had the legal right to repudiate it? The exercise of

which right, however, would be coupled with the correlative obligation of responsibility for all acts done after her majority in connection therewith. " The privilege of infancy is to be used as a shield and not as a sword."

The only error in the judge's charge upon the subject of ratification is, in the failure to instruct the jury that whatsoever she did in that respect should have been done with a full knowledge of her rights in the premises, and with one authorized to act for the parties of the other part.

Judgment reversed.