## ULLMER *v.* FITZGERALD.

1. A minor who, by permission of his guardian, engages in any business as an adult is bound for all contracts connected with such business; and if the guardian is subsequently discharged from his trust, and then, during the minority of his former ward, a contract is entered into between them touching such business of the minor, the relation previously existing between the parties will not invalidate the contract.
2. The testimony in this case was amply sufficient to sustain the verdict; and no error of law being committed, the judgment overruling the motion for a new trial is affirmed.

Argued February 7, — Decided March 16, 1899.

Foreclosure of mortgage.     Before Judge Falligant.     Chatham superior court.     January 31, 1898.

*W. H. Boyd* and *W. F. Slater*, for plaintiff in error.
*George W. Owens*, contra.

Lewis, J.     An action was brought by Fitzgerald against Ullmer, for the foreclosure of a mortgage given to secure a note dated the 18th of June, 1896, which note was renewed by a' subsequent one executed on September 21st of the same year. To this action the defendant pleaded that at the time the note was given by him to Fitzgerald, he was under the age of twenty-one years, and therefore, under the laws of this State, the contract as represented by the note and mortgage given to secure it was not binding upon him, the same not having been given for necessaries. It appears from the record, that the

plaintiff had been the guardian of Ullmer, and that about February, 1896, previously to the giving of the note and mortgage, he was discharged as such guardian. There is some conflict in the evidence as to whether or not the ward was of age at the time of this discharge, but the weight of the evidence shows that he did not really arrive at majority until the month of January, 1897. The plaintiff contended that, when he applied for his discharge, he relied upon the statement of the ward that he had reached the age of twenty-one. It was undisputed, however, that the guardian had previously given the ward permission to enter into business on his own account, and that he was conducting a business of his own at the time his guardian was discharged. It further appears from the testimony that the latter, out of his individual money, advanced to his ward the necessary funds to buy the property to be used in the ward's business; and while the guardian, under the agreement with his ward, was to have an interest in this business, yet the ward had exclusive control and management of it and realized and used all the profits therefrom. A settlement was finally had between the guardian and his ward, and the contract sued on in this case was duly executed after the guardian's discharge, the consideration of the contract being the money advanced by him, and his interest in the business amounting to $100. The ward testified that he had received and kept the property bought with the guardian's money, and it is fairly inferable from his testimony that he continued to enjoy the use of such property, or its proceeds, after his arrival at majority. There was no pretense, either in the pleadings or in the testimony, that the guardian had taken any undue advantage of the ward in any of the business transactions above referred to, nor that the ward did not receive and was not fully enjoying the benefit of the money advanced him by the plaintiff.

Section 3650 of the Civil Code declares: "If an infant, by permission of his parent or guardian, or by permission of law, practices any profession or trade, or engages in any business as an adult, he shall be bound for all contracts connected with such profession, trade or business." In the motion for a new trial error is assigned, because the court gave this section in

charge to the jury. In the same connection the court further charged, that the fact that the defendant "may for a part of the time have been connected in business with an individual who was also his guardian does not necessarily void the contract, but the fact of the existence of such a relationship should make [the jury] scrutinize very carefully any contract made between the guardian and his ward, to see whether or not any fraud was practiced on the ward and that no advantage was taken"; that any such advantage or undue influence would justify the jury in setting the contract aside; but if they should believe "there was no advantage taken, no undue influence used, and it was a perfectly fair and honest contract in the legitimate course of a business authorized by the . . guardian, the minor would be liable."

It is insisted by counsel for the plaintiff in error, that on account of the relationship existing between the plaintiff and the defendant, as a matter of public policy the law would not enforce a contract made during the existence of such relationship, it matters not under what circumstances or for what purpose made. Even if this proposition is sound as a matter of abstract law, it has no application to the facts of this case, for when the contract sued on by the plaintiff was entered into, the relation of guardian and ward did not exist between the parties. Under the section of the code above cited, a minor is bound by contracts connected with the business which he is permitted to follow by his parent or guardian. Therefore, while the relationship of guardian and ward existed between these parties, Ullmer was properly permitted by his guardian to enter upon a legitimate business enterprise, and his contracts in connection with this particular business became as binding upon him as though he were of full age. Even if the plaintiff could have made no binding contract while Ullmer continued to be his ward, he certainly had as much right as any other person to contract with his former ward after the relation between them had been dissolved. The mere fact that the discharge of the plaintiff from the guardianship was had during the minority of his ward can make no difference. This discharge, whether properly or improperly granted, effectually severed the relation which had

previously existed between the parties, and the only way in which it could have been restored would have been by a regular proceeding to set aside the judgment and reinstate the guardian in his trust.   Accordingly, if there was any error in the charge complained of, it certainly did not operate to the injury of the defendant, but rather tended to prejudice the rights of the plaintiff in giving to Ullmer the benefit of a theory not supported by the facts in the case.   Furthermore, we think there is sufficient evidence to authorize the conclusion that there was a ratification of the contract by Ullmer after he arrived at majority.   While section 3648 of our Civil Code declares that "the contracts of an infant under twenty-one years of age are void, except for necessaries," that section further provides that if "the infant receives property, or other valuable consideration, and after arrival at age retains possession of such property, or enjoys the proceeds of such valuable consideration, such a ratification of the contract shall bind him."   See, also, *Howard* v. *Tucker*, 65 *Ga*. 323, and *McKamy* v. *Cooper*, 81 *Ga*. 679.

The verdict of the jury, if not demanded by the evidence, was certainly authorized thereby; and 'no error of law being committed of which the plaintiff in error can justly complain, the judgment of the court below, overruling his motion for a new trial, is          *Affirmed.   All the Justices concurring.*