### 1248.   HUGHES *v.* MURPHY, guardian.

1. The rule that one who seeks to disaffirm a contract, on the ground that he was an infant at the time of its execution, is required to return so much of the consideration received by him as remains in his possession at the time of such election is not applicable to a suit brought by a guardian to recover the possession of personal property which his infant ward has sold and delivered. The guardian is entitled to the possession of such property unconditionally.

2. An infant ward can not make a valid contract of sale of his personal property, with or without the consent of his guardian. Such sale can be legally made only by the guardian, by order of the superior court or under the direction of the ordinary. And where a sale is made by the ward, the guardian can recover the property so sold, at any time during the infancy of his ward; and it is immaterial, to the exercise of this right of recovery, whether the infant ward desires or opposes such recovery.

Trover, from city court of Baxley—Judge Thomas.    April 8, 1908.

Submitted July 17,—Decided December 22, 1908.

C. M. Murphy, as guardian of Jeff Murphy, a minor, brought suit against U. A. Hughes, to recover certain cattle, the property of the ward. The defendant, in his answer, admitted possession of the cattle, and averred that he had bought them from the ward, with the consent of the guardian, and had paid the ward for them. At the conclusion of the evidence, the court directed a verdict for the plaintiff; and this judgment is excepted to.

On the trial, the following uncontroverted facts were shown: The plaintiff was the guardian of Jeff Murphy, who was nineteen years of age. The cattle in question were given to the ward by his mother. The cattle were in the possession of a third person, and the guardian gave to his ward an order directed to this third person, instructing him to deliver the cattle to the ward. The ward received the cattle from this person and sold them, for full value, to the defendant, and received from the defendant the purchase-price in cash. The guardian did not consent to the sale. The ward, at the time that he made the sale, and for three years prior thereto, had been transacting all of his business in his own name, making all of his contracts in his own name, and collecting and disposing of all money earned by him; and his guardian, during this time, had assumed no control of his person or management of his property, and had not undertaken in any way to interfere with his contracts. The ward did not authorize this suit and did not want it brought, but desired that the sale should stand, as he had made it in good faith and had been paid the full value of the cattle. The plaintiff in error, under these facts, raises three questions of law. He contends: (1) that the right to rescind the trade is a personal right of the minor, and can not be asserted by the guardian against the consent of the ward; (2) that the guar-

dian is estopped from recovering the cattle, because he had consented that they be turned over to the ward; and (3) that the contract of sale made by the ward could not be disaffirmed by the guardian, unless the money received by the ward from the purchaser, and then in his possession, was paid back to the purchaser.

W. W. *Bennett,* for plaintiff in error.

HILL, C. J. (After stating the foregoing facts.)

The right of setting up his infancy, for the purpose of exempting him from the performance of his contracts or of disaffirming them, is, of course, a personal privilege, of which the infant alone can avail himself. This means that the party contracting with the infant can not plead this exemption as a reason for not performing the contract, unless he was ignorant of the fact of infancy at the time of making the contract; nor can third persons avail themselves of it as a defense. Civil Code, § 3649. In other words, contracts made with infants by adults are generally obligatory on the adults, but not obligatory on the infants. *Smith* v. *Smith,* 36 *Ga.* 184 (91 Am. Dec. 661). But, under the law, the guardian is entitled to the property of his ward, and where such possession is withheld from him, he has the right to sue as such guardian and to recover possession of the ward's property. It is wholly immaterial to the exercise of this right whether the ward consents to such suit or not. In such suits the only material questions are, is it the property of the ward, and is it withheld from the possession of the guardian? It furnishes no defense to such suit that the ward sold his property and delivered possession of it to the purchaser. Of course, if the ward, by permission of his guardian, was engaged in any business as an adult, and the contract of sale was connected with such business, the contract would be valid and binding both upon the infant and the guardian; but while the evidence in this case shows that the infant was working for himself, making his own contracts, it also discloses the fact that the property in question was not the proceeds of his labor, or connected in any way with his work, or realized from any contract made by him in connection with his work, but was derived by gift from his mother. Civil Code, § 3650; *Jimmerson* v. *Lawrence,* 112 *Ga.* 340 (37 S. E. 371); *Ullmer v. Fitzgerald,* 106 *Ga.* 815 (32 S. E. 869).

The fact that the cattle had been delivered to the ward by direc-

tion of his guardian did not give the ward the right to sell the cattle, either with or without the consent of his guardian. Indeed, the guardian himself would have no right to sell the property of the ward, except by order of the superior court, or under direction of the ordinary. Civil Code, §§ 2545, 2547.

The contention that the guardian is estopped, under the facts. of this case, from having the sale by his ward set aside without refunding to the purchaser the amount of the purchase-price of the personal property in question, has been settled adversely to the plaintiff in error by the Supreme Court, in the case of *Shuford* v. *Alexander,* 74 *Ga.* 295. "The contracts of an infant are void, and in a suit prosecuted on his behalf, either to recover the property parted with by him or its value, . . an offer to rescind the contract, or to return the property he got in exchange, is not an indispensable prerequisite to the maintenance of the action." The rule which requires the restitution of the consideration in order to disaffirm an infant's contract applies only to the right of the infant himself, after he becomes of age and elects to disaffirm the contract made by him during his minority. The general rule in such cases is that he will not be permitted to regain what he parted with, or refuse payment, while still possessed of what he received. If, when he wants to disaffirm his contract made during infancy, he has in his possession any of the consideration of the contract, it must in equity and good conscience be restored, as a precedent to such disaffirmance. But if he "has lost, expended, or squandered the consideration during his minority, this is nothing more than the law anticipates of him, and he can not be required to purchase the right of reclaiming his own by still further abstractions from his estate." *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 788 (5), (49 S. E. 788) ; Engelbert *v.* Troxell, 40 Neb. 195 (58 N. W. 852, 42 Am. St. R. 665, 26 L. R. A. 177, and cases cited in the note).        *Judgment affirmed.*