### 62563. STEWART et al. v. STEWART.

BIRDSONG, Judge.

The question presented by this appeal is whether garnishment proceedings are subject to Code Ann. § 24-305b (b), which provides that "a legal custodian shall not be allowed to maintain any action for divorce, alimony, child custody, change of alimony, change of child custody, change of visitation rights, or application for contempt of court so long as visitation rights are withheld in violation of the custody order." We conclude that they are.

The Georgia Child Custody Intrastate Jurisdiction Act of 1978, under which Code Ann. § 24-305b (b) was enacted, has as its general purpose the promotion of stability in home environment and secure family relationships for the child of divorced parents, deterrence of abductions and other unilateral removals of children, and facilitation of the enforcement of custody decrees (Code Ann. § 24-302b). Section 24-305b (b) employs the "clean hands" doctrine to ensure these ends. When used to collect alimony or other awards which constitute alimony, a garnishment proceeding is no more than an action for the enforcement of such awards and thus is within the proscription of "any action for alimony, etc." provided in Code Ann. § 24-305b. Moreover, we have no doubt that this is what the legislature intended because the clear object in the prohibition against maintenance of "unclean" contempt actions is to prevent any action for the *enforcement* of such orders as are mentioned in the statute, as otherwise the statute would be virtually and ultimately useless in promoting its purpose. As a means of enforcing a domestic monetary award, a garnishment action is as appropriate as a contempt action (see *Morrison v. Morrison,* 153 Ga. App. 818 (1) (266 SE2d 521); *Herring v. Herring,* 138 Ga. App. 145 (225 SE2d 697)). It is no more sacred or sanctified.

A garnishment proceeding for the enforcement of a *child support* award is not included among actions listed by Code Ann. § 24-305b which may not be maintained by a legal custodian who is withholding visitation rights in violation of a court order. Child support is the right of the child and not of its custodian; "[n]either the wife nor the civil courts can take away this right that inheres expressly in the children." *Williamson v. State,* 138 Ga. App. 306, 307 (226 SE2d 102). The conduct of the custodian cannot deprive the child of this right to support, any more than the custodian can waive it for the child or contract it away. See *Antico v. Antico,* 241 Ga. 294,

295 (244 SE2d 820). See *Crumb v. Gordon,* 157 Ga. App. 839 (278 SE2d 725). Code Ann. § 24-305b does not provide otherwise. The term "alimony" has sometimes been used to include child support (see, e.g., Code Ann. § 30-207), but the usage is not common. "The statutory provision that the father is liable for the support of his minor child, contained in the Civil Code [Code Ann. § 74-105], has no application to proceedings for alimony." *Eskew v. Eskew,* 199 Ga. 513, 514 (5a) (34 SE2d 697). We think that if Code Ann. § 24-305b had been intended to permit parents by their own actions to forfeit the child's right to support rather than merely their own, and had been intended to mean that the actions of a third party will dissolve the parent's duty to support his child (see Code Ann. § 74-105), the legislature would have been very careful to say so.

The trial court erred in ruling that Code Ann. § 24-305b does not apply to garnishment actions, and in refusing to hear evidence based on appellant's traverse that the appellee had withheld visitation rights. The trial court on remand shall ascertain what portion of the garnishment amount represents child support and what portion represents alimony for, as we have held, child support is not subject to the provisions of Code Ann. § 24-305b, but any amount sought for alimony or any other expense owed to the wife as a form of alimony (see *Finch v. Finch,* 213 Ga. 199, 201-202 (97 SE2d 576); *Hudson v. Hudson,* 189 Ga. 410, 411 (5 SE2d 912)) is subject to the appellant's traverse under Code Ann. § 24-305b.

*Judgment reversed with direction. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 20, 1981.

*Harry A. Osborne,* for appellants.
*William R. L. Latson,* for appellee.