S06A1269. RICHARDS v. RICHARDS et al.
(637 SE2d 672)

CARLEY, Justice.

In 1994, James Richards established an inter vivos trust and named his three minor children as the beneficiaries. Janet Richards, his wife at the time, was a trustee. In 2000, the parties divorced and, as a consequence, Ms. Richards was no longer trustee. The settlement agreement provided that Mr. Richards would pay $2,000 per month in child support based, in part, upon the existence of the trust and the parties' "anticipat[ion] that the assets maintained and the income generated by the Trust are sufficient to cover any expenses of the children incurred above and beyond the child support . . . ." The trust agreement itself provided, in relevant part, that the children would receive "all income, in annual or more frequent installments," and that the trustee was authorized to encroach on the principal in such amounts as the trustee "may deem necessary to provide for the support and education" of the children.

Eventually, Mr. Richards remarried and his new wife, Julie Richards, became a trustee. After Mr. Richards' remarriage, the former Mrs. Richards (hereinafter Appellant) filed suit against him and his second wife (hereinafter Appellees). She asserted, on behalf of herself and the children, various claims, including breach of the trust agreement, removal of the trustee and appointment of a receiver. After the trial court appointed a guardian ad litem to represent the

___

interests of the children, who are the sole beneficiaries of the trust, Appellees moved for summary judgment against Appellant individually. Appellant, in turn, moved for partial summary judgment. The trial court granted Appellees' motion, concluding that Appellant was not an "interested person" and, thus, lacked the requisite standing to maintain the action in her individual capacity. Appellant appeals from the order of the trial court.

1. "A trustee may be removed . . . [u]pon application to the superior court by any interested person showing good cause." OCGA § 53-12-176 (a) (2). OCGA § 53-12-2 (4) defines an "interested person" as

> a trustee, beneficiary, or any other person having an interest in or claim against the trust. This meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

Appellant is not a trustee or a beneficiary of the trust. Nevertheless, she urges that she is an "interested person" within the meaning of OCGA § 53-12-2 (4) because she has "an interest in or claim against the trust" resulting from her routine provision of funds for the support of the children. Appellant asserts that these payments represent "advances" by her of sums that the trust owes to the children, for which she is entitled to seek reimbursement from the trust.

The right to child support does not belong to Appellant. It belongs to the children. *Stewart v. Stewart*, 160 Ga. App. 463 (287 SE2d 378) (1981).

> "When alimony is awarded for the support of minor children, the mother acquires no interest in the funds, and when they are paid to her she is a mere trustee charged with the duty of seeing that they are applied solely for the benefit of the children. . . ." [Cit.]

*O'Neil v. Williams*, 232 Ga. 170, 175 (II) (205 SE2d 226) (1974). The parties' settlement agreement did express their expectation that the assets and income from the trust would be adequate to meet the children's expenses to the extent that the $2,000 in monthly support otherwise owed by their father was not. However, the trust agreement neither guaranteed that the trust would contribute a specific amount towards the children's support nor provided that the trust would assume the obligation to reimburse Appellant or any other third party for such sums as might be contributed to their welfare. It

appears to be undisputed that the trust has complied fully with its obligation to pay to the children all income that it generates, and that the trustee has on occasion exercised her discretionary authority to encroach on the principal so as to provide for their support.

Whether the trust has been mismanaged to the financial detriment of the children in their capacity as its beneficiaries is a separate and distinct consideration from their right to support. The obligation to pay child support is one that is owed by Mr. Richards and Appellant, rather than by the trust. " 'The duty of parents to support their children is joint and several, and does not cease upon separation or divorce of the parents.' [Cit.]" *Diegel v. Diegel*, 261 Ga. App. 660 (583 SE2d 520) (2003). Should Appellant contend that the contribution to the children's welfare that is being made by the trust is less than she anticipated at the time of the divorce and that, as a result, the $2,000 per month she currently receives from Mr. Richards is inadequate child support, she has the option of bringing an upward modification action pursuant to OCGA § 19-6-19. She may also be entitled to be reimbursed by him for such past sums as she has expended in providing support for the children. In fact, Appellant has a contempt motion presently pending against Mr. Richards and, in the context of that proceeding, she can seek to recover any arrearage on his legal obligation to pay support. However, the remedies that she can pursue against Mr. Richards on behalf of the children are ultimately immaterial here, because this is not a domestic relations case. It is an action to remove a trustee and appoint a receiver, and the issue on appeal is whether, in addition to the children, Appellant has standing as an "interested person" under OCGA § 53-12-176 (a) (2) to pursue that relief.

Under Appellant's interpretation, anyone could attain the status of an "interested person" and, consequently, obtain standing to maintain an action for removal of the trustee simply by expending sums for the support of a trust beneficiary. However, such a person does not have any individual interest in or claim to assert against the trust itself. Any possible interest in or claim against the trust or trustee would belong solely to the beneficiary for whose support the sums were expended. "[A]n 'interested person' is more accurately defined as a person or entity with a specific financial stake in or a specific claim against the trust." *In the Matter of Horton*, 668 NW2d 208, 213 (I) (Minn. Ct. App. 2003). See also *Lemke v. Lemke*, 929 SW2d 662, 664 (Tex. App. 1996). To the extent that any genuine issue of material fact may remain as to the allegations that the trustee should be removed and a receiver appointed because the trust agreement has been breached, that claim belongs to the children, as the beneficiaries, and not to Appellant in her individual capacity as their mother. See *Davis v. Davis*, 734 SW2d 707, 710 (Tex. App. 1987) (parent of children who

are trust beneficiaries is not "interested person" as to trust). The guardian ad litem is representing the children's interest in asserting that claim, so their interest is being represented by a legal representative authorized to act in their behalf. Accordingly, the trial court correctly granted summary judgment in favor of Appellees as to Appellant's individual claim for removal of the trustee pursuant to OCGA § 53-12-176 (a) (2).

2. Because Appellant lacks standing as an "interested person," summary judgment in favor of Appellees was also proper on her individual claim for appointment of a receiver pursuant to OCGA § 53-12-176 (b).

3. Remaining enumerations of error are moot.

*Judgment affirmed. All the Justices concur, except Hunstein, P. J., who concurs specially.*

HUNSTEIN, Presiding Justice, concurring specially.

While I agree the judgment in this case must be affirmed, I cannot agree with all that is said in the majority's opinion. A review of the trust agreement created by James Richards reveals that the beneficiaries have a vested interest because there is no uncertainty as to their right of future enjoyment, see generally *Henderson v. Collins*, 245 Ga. 776 (1) (267 SE2d 202) (1980), and that it is a non-discretionary trust because the trustee has no discretion in regard to the "annual or more frequent" disbursement to the beneficiaries of the income that accrues on the multi-million dollar principal[1] or to the ultimate distribution of the principal to the beneficiaries. See generally id. ("discretionary trust is a trust under the terms of which the trustee has absolute discretion as to the payment of principal and interest to beneficiaries"). The law is well established that a creditor can obtain satisfaction of a judgment by proceeding against the interest of a beneficiary in a non-discretionary trust, see id., and that even in the case of minors, a creditor can recover for the provision of necessaries, see OCGA § 13-3-20 (a), and other items under certain circumstances. See, e.g., OCGA § 13-3-21; *Ullmer v. Fitzgerald*, 106 Ga. 815 (32 SE 869) (1899) (minor allowed by guardian to practice profession is bound by contracts minor executed in relation to that profession). Thus, because the law allows persons to obtain reimbursement from a vested, non-discretionary trust for sums contributed to the welfare of its beneficiaries, whether or not the trust so provides, I would recognize, contrary to the majority's position, that a person may be an "interested person" for the purpose

---

[1] The non-discretionary nature of the trust is not changed by the fact that the original principal of the trust, which produced income, has apparently been replaced with property that does not produce any income.

of removing the trustee of a vested, non-discretionary trust for "simply . . . expending sums for the support of a trust beneficiary," Majority Opinion, p. 287, and would reject the majority's language intimating, without any supporting authority, that a person's status as an "interested person" may be determined solely based on the presence or absence of language in the trust agreement. See Majority Opinion, p. 286 ("the trust agreement neither guaranteed that the trust would contribute a specific amount towards the children's support nor provided that the trust would assume the obligation to reimburse . . . any other third party for such sums as might be contributed to their welfare").[2]

I further diverge from the majority on the interpretation it gives to the definition of "interested person" in OCGA § 53-12-2 (4). The Legislature, in defining this term, expressly recognized that its "meaning, as it relates to particular persons, may vary from time to time and *must* be determined according to the particular purposes of and matter involved in any proceeding." (Emphasis supplied.) Given this expansive directive from the Legislature, I disagree with the majority's restrictive application of this definition because it ignores the guiding principles in the plain language of OCGA § 53-12-2 (4) in favor of language out of a foreign case construing a statute that lacks the guiding principles found in our statute. See *In the Matter of Horton*, 668 NW2d 208, 212 (I) (Minn. Ct. App. 2003) (recognizing that its code provisions on trusts do "not define 'interested person' "); *Lemke v. Lemke*, 929 SW2d 662, 664 (Tex. App. 1996) (relying upon Texas statutory definition of "interested person" as merely a " 'trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust' ").

Following the directive of OCGA § 53-12-2 (4) and looking to the particular circumstances in this case, I cannot agree with the majority's conclusion that appellant could not be an interested person based on a claim against the trust for expenses paid on behalf of the beneficiaries. My conclusion is not based merely upon the fact that the trust agreement in this case, while not guaranteeing a "specific" amount to the beneficiaries' support, did guarantee that any income generated on the principal was to be distributed at least annually, if not more frequently, and then further provided that this income, once generated, was to be disbursed during the beneficiaries' minority to

---

[2] For the reasons that follow, I do not find it necessary to reach the question whether appellant, in her status as the mother of the beneficiaries, could qualify as a "creditor" for purposes of standing under OCGA § 53-12-2 (4).

their duly appointed legal guardian, thereby authorizing disbursement of these amounts to appellant. My conclusion is also based on the fact that the trial court in this case has already expressly found that the parties have "admit[ted] . . . that [appellant] should be reimbursed for expenses she has paid on behalf of the children in the amount of $80,284.03" and ordered the immediate payment of this sum. That amount represents over half of the $150,000 claim appellant has made against the trust for reimbursement of expenses on behalf of the beneficiaries. Appellees have not challenged that ruling. See generally *Chester v. Georgia Mut. Ins. Co.*, 165 Ga. App. 783 (1) (302 SE2d 594) (1983) (cross-appeal required for appellees to challenge rulings adverse to them). The majority's holding as to appellant's right to reimbursement is thus contrary to the law of the case. See generally OCGA § 9-11-60 (h).

The record fails to reflect any reimbursement to appellant for the remaining expenses she claims she expended on behalf of the beneficiaries. Because of these outstanding sums, appellant argues that she is an interested person under OCGA § 53-12-2 (4). I agree with the majority that appellant is not an interested person, but I can do so only because the record in this case reveals that appellant herself has chosen to define her interest in this litigation in a manner that excludes her from the definition of "interested person" under OCGA § 53-12-2 (4). Appellant has directed this Court's attention to language in the pretrial order, submitted by the parties and signed by the trial court, in which appellant contended that appellees had failed to pay her for the unreimbursed advances, asserting that the amounts were due to her "under the Settlement Agreement" and that, "[a]s a result, [appellees] are obligated for the full amount of the unfunded distributions for support and maintenance" of the beneficiaries. It thus appears that appellant seeks reimbursement of the remaining expenses not based on the terms of the April 1994 trust agreement and her interest in receiving the annual or more frequent income disbursements on behalf of the beneficiaries, but rather upon the obligations appellee James Richards assumed under the December 2000 settlement agreement and the manner in which the parties thought those obligations would be supplemented by the trust.[3] However, the provisions in the settlement agreement could have no effect on the trust agreement, which expressly provides that it is irrevocable and subject to amendment solely for certain designated tax purposes wholly unrelated to this litigation.

---

[3] Appellant does not reference, nor does review of the record reveal, any pleading in which appellant asserted she was entitled to reimbursement under the trust agreement.

The record contains no modification to the pretrial order between the time it was executed and entry of the order granting summary judgment to appellees. Accordingly, appellant is bound by her statement that her claim for reimbursement is premised solely upon the settlement agreement. No other basis appearing in the record that would support appellant's claim to be an "interested person" under OCGA § 53-12-2 (4), I therefore concur only in the majority's final disposition.

DECIDED NOVEMBER 20, 2006.

*Morris, Manning & Martin, Joseph R. Manning, Robert C. Threlkeld, Leslie A. Allen,* for appellant.
*Caldwell & Watson, Floyd E. Propst III, Warner, Mayoue, Bates & Nolen, John C. Mayoue, Bondurant, Mixson & Elmore, H. Lamar Mixson, Lisa R. Strauss, Susan A. Chiapetta,* for appellees.