**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**May 13, 2020**

# In the Court of Appeals of Georgia

A20A0591. SMITH v. ROBINSON et al.

MCFADDEN, Chief Judge.

Michael S. Smith is the defendant in a garnishment action. He sought to exempt from garnishment the amount of his wages that he is supposed to pay for child support. But Georgia law does not exempt from garnishment a debtor's child support obligation, at least under the circumstances of this case. So the garnishment court correctly rejected Smith's claim of an exemption and we affirm.

1. *Background*.

The record shows that Bobbie Chance Robinson sued Smith in federal court and obtained a judgment for more than $1.1 million. Robinson filed a garnishment action in Gwinnett State Court naming as the garnishee Smith's employer and seeking to garnish Smith's wages. Smith filed a response to the garnishment, claiming an

exemption from the garnishment for a portion of his wages equal to his child support obligation. His child support obligation stems from a 2010 Mississippi divorce judgment and incorporated settlement agreement as well as contempt proceedings for his failure to pay child support. (The amount of that obligation is unclear; Smith argues that the garnishment court should have determined the amount.) The garnishment court denied Smith's claimed exemption on the ground that the payment of child support is not an exemption from wages. We granted Smith's application for discretionary appeal and this appeal followed.

2. *Garnishment exemptions*.

OCGA § 18-4-6 identifies certain earnings and property of a garnishment defendant that may be exempt from garnishment. OCGA § 18-4-6 (a) (1), (2), (3). The statute does not specifically exempt child support obligations. Other exemptions are scattered throughout our Code and the United States Code. Pertinently, OCGA § 18-4-6 provides:

> Not later than May 22, 2016, the [a]ttorney [g]eneral shall create and maintain on the Department of Law's website a list of exemptions that a defendant may be allowed by law to claim in relation to a garnishment of his or her earnings or property. The [a]ttorney [g]eneral shall revise such list when exemptions are repealed, revised, or created by law. The [a]ttorney [g]eneral shall transmit a copy of such list to each clerk of

2

court in this state who issues summonses of garnishment and transmit a revised list when a change is made to such list.

OCGA § 18-4-6 (b). The attorney general was directed to create the list after a United States District Court ruled that provisions of the former Georgia garnishment statutes were unconstitutional in certain circumstances, in part, because of a lack of notice "that there are certain exemptions under state and federal law which the debtor may be entitled to claim with respect to the garnished property[.]" *Strickland v. Alexander*, 154 FSupp3d 1347, 1351 (ND Ga. 2015). See also preamble to Ga. L. 2016, p. 8 (providing that it amends the garnishment statutes to "provide constitutional protections[,]" among other reasons).

The Department of Law's website contains a link to a .pdf document entitled "Georgia Garnishment Exemptions." https://law.georgia.gov/garnishment-exemption (retrieved April 20, 2020). The document lists general categories and, under the categories, lists federal statutes, provisions of the Code of Federal Regulations, and Georgia statutes that address limits on garnishment. For example, under the category "INSURANCE & ANNUITIES" is listed 26 USC § 7448 (l), which provides that payments from a federal judges' survivors annuity fund are exempt from garnishment; under the category "GOVERNMENT BENEFITS" is listed 44 CFR § 206.110 (g),

3

which provides that federal emergency disaster assistance is exempt from garnishment; and under the category "MILITARY" is listed OCGA § 16-17-9, a subsection of which prohibits payday lenders from garnishing the military wages of customers who are members of or who are spouses of members of the military.

The attorney general's document also lists: "FAMILY SUPPORT: (1) Child support payments[.] See *Stewart v. Stewart*, 160 Ga. App. 463 (1981); *Richards v. Richards*, 281 Ga. 285, 286 (2006)." Relying on this entry, Smith argues that the amount of his wages that he is supposed to pay for child support is exempt from garnishment and that the garnishment court erred in holding otherwise. We disagree.

The attorney general's list of exemptions does not create exemptions. It simply provides notice of exemptions "a defendant may be allowed by law to claim." OCGA § 18-4-6 (b). Although the attorney general cites statutory authority creating the exemption for most of the entries in the list, the attorney general cites only case law for the family support-child support payments entry. Neither case the attorney general cites, however, holds that a garnishment defendant's wages are exempt from garnishment to the extent of the garnishment defendant's child support obligation. Instead, those cases simply hold that the right to child support payments belongs to the child, not the parent receiving the payments. See *Richards v. Richards*, 281 Ga.

285 (637 SE2d 672) (2006) (mother lacked standing to remove trustee from trust established by father to pay child support because right to child support belonged to the children, not the mother); *Stewart v. Stewart*, 160 Ga. App. 463 (287 SE2d 378) (1981) (father could not traverse garnishment for unpaid child support due to mother's withholding visitation because child support is the right of the child, not the custodial parent).

Neither *Richards* nor *Stewart* nor the attorney general's list creates a garnishment exemption from a debtor's wages for the amount of child support the debtor is supposed to pay. Smith cites no other authority creating such an exemption and we have found none.

Smith's policy arguments for such an exemption are unavailing. "It is fundamental that matters of public policy are entrusted to the General Assembly, not this [c]ourt. . . . Finding no authority to exempt [child support obligations from a debtor's wages], we can only conclude that the trial court ruled correctly." *In the Interest of A.R.A.S.*, 278 Ga. App. 608, 610 (1) (629 SE2d 822) (2006).

Smith also argues that because he was granted joint legal custody of his children, he has standing to assert their right to the amount of his wages he is supposed to pay for child support. His argument is answered by OCGA § 18-4-19 (e),

5

which provides that a garnishment defendant "shall not be allowed to present evidence, make an argument, or prevail on a claim that money or other property in a garnishment may be subject to a claim by a third party." Based on this provision, we also reject Smith's argument that his former wife's judgment against him for unpaid child support takes priority over Robinson's judgment.

Smith argues that the garnishment statute is void for vagueness because it allows multiple ways to calculate disposable earnings after applying the child support exemption. As he acknowledges, the garnishment court did not rule on this argument. So the argument is not properly before this court. *Price v. Grehofsky*, 349 Ga. App. 214, 222 (2) (825 SE2d 594) (2019) (citation and punctuation omitted) ("[A]ppellate courts will not rule on a constitutional question unless it clearly appears in the record that the trial court distinctly ruled on the point[.]"). "We recognize that more recent Supreme Court of Georgia cases have suggested that remand is necessary for the trial court to rule on the constitutional issue; however, we find remand is unnecessary in this case because [Smith's constitutional challenge] is without merit." *Wallace v. Wallace*, 345 Ga. App. 764, 774 (3) (813 SE2d 428) (2018). It depends upon application of a child support exemption. As we have detailed above, Georgia law

6

does not exempt from garnishment a debtor's child support obligation, at least under the circumstances of this case.

Given our holding that the garnishment court correctly found that Smith was not entitled to an exemption, we do not reach his argument that the court erred by excluding the affidavit of his former wife's attorney.

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.